By the Court. — Rapallo, J.
The defendant set up in his answer that the plaintiff’s cause of action, if *82 any, did not arise in the city of Brooklyn, bnt in the city of New York; that at the time of the commencement of this action the defendant did not reside in the city of Brooklyn; that he never resided or had a place of business there; and that the summons was served in the city of New York, and not in the city of Brooklyn ; and that consequently the city court of Brooklyn had no jurisdiction of the person of the defendant or of the action.
These allegations are substantiated by the evidence and findings, and it is conceded that they establish a want of jurisdiction in the city court and a fatal objection to the judgment, unless such objection has been waived or cured.
This question was not passed upon, nor did it arise, when this case was before us on the first appeal. The facts upon which the objection is based were not in the case, the court below having excluded proof of them ; a new trial was ordered on other exceptions.
The defendant, by putting in a general appearance, followed by an answer setting up the want of jurisdiction, did not waive that defense.
This was expressly decided in the case of Landers v. Staten Island R. R. Co., 53 N. Y. 450-460; S. C., 14 Abb. Pr. N. S. 346.
The prevailing opinion in that case sets forth fully the grounds upon which it was held that the city court was without jurisdiction. They are, in substance, that the city court was a local court of limited jurisdiction at the time of the adoption of the judiciary articles of the State constitution in 1869, and that it was continued as such, and it was even beyond the power of the legislature to divest it of its local character ; that its jurisdiction was limited to causes of action arising within its territorial limits, and cases in which the subject of the action was situated, or the party proceeded against resided or was served with process *83 within those limits ; that some one or more of these elements of locality must exist to confer upon the court jurisdiction of the cause. It follows that where none of them exist, a mere appearance does not preclude the defendant from taking the objection. Where no other ground of jurisdiction exists, the service within the county is a jurisdictional fact. Its omission is not cured by an appearance, for the objection is not simply that the court has not jurisdiction of the person of the defendant, but that it has not jurisdiction of the cause (Burckle v. Eckhart, 3 N. Y. 132).*
In a case in which the court had jurisdiction of the cause on some of the other grounds, as, — for instance, where the cause of action arose within the city of Brooklyn, — the general rule would apply that a general appearance cures any defect in the service of process to bring the defendant into court, and even the total absence of any service. But where, as in this case, the only element of locality which can exist, and the only means by which the cause can be brought within the jurisdiction of the court as a local court, is the service of the summons within a certain territory, that rule is not applicable; but the point having been expressly adjudged, it is not necessary to pursue it farther.
It is further claimed that the defendant, by interposing a demurrer to the complaint,' precluded himself from setting up the defense of want of jurisdiction after his demurrer was overruled, and the case of Ogdensburg R. R. v. Vermont R. R. 63 N. Y. 176, is cited as sustaining that position.
In that case a demurrer was interposed on the ground that it appeared on the face of the complaint that the court had not jurisdiction over the defendants, they being foreign corporations and non-residents. It *84 was not held that by the fact of demurring the defendants waived this ground of demurrer.
On the contrary, the demurrer was sustained in the supreme court, and the plaintiff appealed to this court. The defendants moved to dismiss the appeal, which had been taken fróih the decision rendered in their favor, on the ground, among others, that they had not been served with process in the action. The case was not one in which the service of process, within any particular locality, was a fact upon which the jurisdiction of the court over the cause depended, nor was it analogous to the present case in any particular. In the present case leave was granted to the defendant to withdraw his demurrer and put in his answer. He availed himself of this leave, and answered, setting up facts showing that the city court had no jurisdiction. The demurrer was then out of the case and formed no part of the record (Brown v. Saratoga R. R. Co., 18 N. Y. 495). It is not available to either party for any purpose, and the fact that it was once interposed does not preclude the defendant from setting up the facts which he might originally have set up by way of answer showing want of jurisdiction.
For the same reason that this objection was not waived by his appearance, it is not cured by the facts that he demurred and withdrew his demurrer.
The same facts existed in the case of Hoag v. Lamont (60 N. Y. 96), but they were not deemed material, and the subsequent defense by answer of want of jurisdiction was sustained.
The principle upon which all these decisions rests is, that to extend the jurisdiction of the city court to cases not arising within its jurisdiction, where the defendants do not reside and are not served therein, would be to deprive it of its character of a local court, and that some one of the specified elements of locality must exist to give it jurisdiction of the cause.
*85 Under the decisions cited the defense of want of jurisdiction was established.
The appellant takes the further point that he was entitled to a trial by a jury.
The first four causes of action specified in the complaint are clearly triable by jury. They are for the recovery of money only, and maintainable at common law (50 N. Y. 49; 64 Id. 246).
The fifth cause of action only is for equitable relief, viz: The surrender of the securities given for the usurious loans. The joinder of an equitable cause of action with others, purely legal, does not deprive the defendant of the right of trial by jury (Bradley v. Aldrich, 40 N. Y. 511).
Where such an action is brought to trial at special term, and the defendant demands a jury trial, the judge must determine whether any of the grounds upon which a recovery is sought, are such as at the adoption of the constitution were redressed by an action at law, and, if so, should direct the cause to be tried by a jury at the circuit, or, at all events, should refuse to try the cause without a jury (Davis v. Morris, 36 N. Y. 569, 572; Hudson v. Caryl, 44 Id. 553).
Where the complaint is framed solely for equitable relief, and the action is tried as an action in equity, the court, on finding that the plaintiff is not entitled to any equitable relief, but that the facts would warrant an action for damages which he has not alleged or claimed, cannot order judgment for such damages (Bradley v. Aldrich, 40 N. Y. 504).
An opportunity must have been afforded to the defendant to claim a jury trial on that ground of action.
The respondent claims that the appellant waived his right to a jury trial by consenting that the case be placed on the calendar for trial at special term, and by noticing the case for trial at that term. We do not think these acts amounted to a waiver. There was not *86 consent that the action be tried without a jury, and at the first opportunity the defendant demanded a jury trial. The case, in one of its aspects, was triable at special term, and had the plaintiff elected to rely solely on this equitable cause of action, he could have proceeded with the trial there.
In the cases cited above, this court gives a strong intimation that a trial by jury can be waived only in the manner described by the code or by entirely failing to object; but it is not necessary to decide that point now. It is sufficient to hold that at all events there must be some unequivocal act or consent showing an intention to abandon the constitutional right; and no such intention is apparent here.
Being of opinion that on both of 'the grounds stated the judgment must be reversed, it is not necessary to consider the other points in the case.
All the judges concurred, except Miller and Earl, JJ., absent.
Judgment reversed, with costs.

 See also Gibbs v. Queen. Ins. Co., 63 N. Y. 114.