MATILDA W. STEVENS, Administratrix, etc., Appellant, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

Although it is only requisite that a complaint shall contain facts constituting a cause of action, and the court will give the relief to which those facts entitle the plaintiff, whether legal or equitable, and so the complaint may be framed with a double aspect, yet the plaintiff can have no relief that is not " consistent with the case made by his complaint and

embraced within the issue." (Code of Procedure, § 275; Code of Civil Procedure, § 1207.)

The plaintiff, therefore, must establish the allegations, and if they warrant legal relief only, he cannot have equitable relief upon the evidence.

Plaintiff's complaint alleged in substance that prior to July, 1866, he was the owner of certain premises in the city of New York, part of an old street which had been closed and a new street opened, of which fact and of his title plaintiff was ignorant; that defendant sold said premises at public auction, and thereafter applied to the plaintiff for a release and conveyance of his title, at the time, "fraudulently and with intent to deceive," keeping concealed from him the facts, and falsely informing him that he had some slight claim, a mere equitable one of no value, and "that the plaintiff, misled, deceived and induced by such fraudulent concealment and such false and fraudulent statements and misrepresentations, which he believed to be true, executed and delivered such release without any consideration." That the premises so conveyed were worth $200,000, and judgment was demanded for that amount. The answer denied the allegations of fraud, and the referee found in favor of defendant. *Held*, that the action was one at law only, and plaintiff not having sustained the allegations of the complaint, a judgment for defendant was proper, although the case may have presented matters of equitable cognizance.

(Argued February 2, 1881; decided March 1, 1881.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 18, 1880, affirming a judgment in favor of defendant, entered upon the report of a referee.

This action was originally brought by Russell D. Miner; he having died during its pendency, the present plaintiff, as administratrix, with the will annexed, was substituted.

The complaint alleges in substance that prior to July, 1866, plaintiff was the owner of certain premises which were described, situate in the city of New York, which were a portion of a street that had been closed, and a new street (Seventy-eighth) opened, and thus the premises were relieved from the public easement; that plaintiff was ignorant of these facts. The complaint then proceeds as follows:

"That, in May, 1866, the defendants offered for sale at public auction certain lands adjoining the said old street, and included in such sale the premises before described, and that

one or more of the purchasers declined to take title, on the ground that the plaintiff, and not the defendants, was the owner of such premises; and that thereupon defendants employed an agent to obtain for them the plaintiff's title, of all which plaintiff was ignorant until May, 1869.

"That in July, 1866, the defendants applied to the plaintiff for a release and conveyance of his title, and at the time of such application, fraudulently, and with intent to deceive the plaintiff, kept concealed from him the fact of the opening of Seventy-eighth street, and also the closing of the old street. And, further, falsely informed the plaintiff that he had some slight claim to the said portion of said street, but that it was a mere equitable claim, and of no value, and asked him to execute a release or deed thereof. And that the plaintiff, misled, deceived and induced by such fraudulent concealment and such false and fraudulent statements and misrepresentations, which he believed to be true, and relied upon, executed and delivered such release without any consideration. And that the defendants then and there presented and left with him $25 for his trouble, in spite of his remonstrance that it was no trouble at all."

That at the time of executing such release, the premises were worth $200,000, and judgment was asked for this amount.

Defendants answered denying the allegation of the complaint of ownership in the plaintiff, and all the allegations of fraud and concealment. The referee found the execution and delivery of the deed by Miner, but that it was executed "without any false representations of any kind being made by defendants, or any of their agents, to said Miner, and without any fraud or deceit or fraudulent intent, concealment or procurement of any kind," and thereupon directed judgment dismissing the complaint. Judgment was entered accordingly.

Further facts appear in the opinion.

*T. M. Tyng* for appellant. The only distinction the statute makes between legal and equitable causes of action is as to the place and manner of trial. (Code of Civil Procedure, § 1207.)

The court must award the judgment required by the proof and findings. (*Tyng* v. *Com. W. Co.*, 58 N. Y. 308; *Margruff* v. *Muir*, 57 id. 155; *Whittlesey* v. *Delaney*, 73 id. 571–578; *Welles* v. *Yates*, 44 id. 525–531.) The bargain here was so unconscionable and of such gross inequality as naturally to lead to the presumption of fraud. (Story's Equity, §§ 244, 245, 246; Willard's Equity, 202, 203; Kerr on Fraud, etc., 186–190; *Chesterfield* v. *Jansen*, 2 Ves. Sr. 125; *Parmelee* v. *Cameron*, 41 N. Y. 392; *Osgood* v. *Franklin*, 2 Johns. Ch. 1; *Dunn* v. *Chambers*, 4 Barb. 376; *Allore* v. *Jewell*, 4 Otto, 507.) The referee erred in his conclusion that the striking difference in the general capacity and intelligence of the contracting parties was " of no consequence." (*Hallet* v. *Collins*, 10 How. [U. S.] 174; *Sears* v. *Shafer*, 1 Barb. 408; *Whelan* v. *Collins*, 3 Cow. 537; Perry on Trusts, 160, 161.) The ambiguity of the deed is a strong badge of fraud. (*Wiswall* v. *Hull*, 3 Paige, 313; *Sears* v. *Shafer*, 1 Barb. 408.) It was not necessary that plaintiff should affirmatively prove that Mr. Riker, when he made the concededly false representations, knew them to be false and made them *animo furandi*. (*Beardsley* v. *Dunsley*, 69 N. Y. 577, 581; *Welles* v. *Yates*, 44 id. 525, 529.) Assuming that the present is an equitable action, and that the facts and circumstances proved by the plaintiff, and found by the referee at his request, constitute fraud cognizable in a court of equity, plaintiff was entitled to a judgment fastening a trust upon the proceeds realized by the defendant upon the sale of her testator's land, and requiring the defendant to account for and pay the same over to her, with interest. (Perry on Trusts, §§ 161, 163, 166–168, 171; *Wells* v. *Yates*, 44 N. Y. 525; *Lawrence* v. *Conklin*, 17 Hun, 228; Hill. on Trustees, chap. 2, marg. pp. 144, 174.) The court could not infer an intent to exclude from the grant to David Wagstaff the fee of the contiguous half of the old streets. (*Miner* v. *The Mayor*, 5 J. & S. 171.)

*Francis Lynde Stetson* for respondent.   No principle of public policy requires the extension of lot 143 to the center of

the road, as it had already been ascertained and declared to be the public policy of this State that the fee of the highways in the city of New York should be held by the municipality and not by adjoining proprietors. (Laws of 1691, chap. 18; 1 Smith & Liv. 18; Laws of 1789, chap. 61; 1 Greenleaf, 441; Laws of 1793, chap. 42, § 3; 3 Greenleaf, 53–54; *Drake* v. *H. R. R. R. Co.*, 7 Barb. 508–536; *Bartow* v. *Draper*, 5 Duer, 130–141; *Hayward* v. *Mayor*, 3 Seld. 314.) There is nothing in the situation of the premises granted, or of the grantors, or in the terms of the grant, to lead to the conclusion that it was the intent of the parties to this grant that it should operate in conflict with the prevailing public policy, and divest the municipality of its absolute ownership of these streets. (*French* v. *Carhart*, 1 N. Y. 96–103; *Blossom* v. *Griffin*, 13 id. 569–574; *Hutchins* v. *Hebbard*, 34 id. 24; *Higinbotham* v. *Stoddard*, 72 id. 94.) The street is, by measurement, excluded from the parcel granted. (*Higinbotham* v. *Stoddard*, 72 N. Y. 94–99; *Hammond* v. *McLachlin*, 1 Sandf. 222, 341; *Revere* v. *Leonard*, 1 Mass. 91; *Codman* v. *Evans*, 1 Allen, 443; *Chapman* v. *Edwards*, 3 id. 512; *Brainard* v. *Boston & N. Y. Cent.*, 12 Gray, 407.) The fact that the street on the south is excluded from the lot granted by the coloring of the map may be considered in ascertaining the intent of the grantor. (*Townsend* v. *Hayt*, 51 N. Y. 656.) The grantors were, under the recognized public policy, authorized and expected to own the fee of the streets; it cannot be supposed that as between them and one of their citizens, any grant was understood as violating this principle. (*Bartow* v. *Draper*, 5 Duer, 130–143; *Beckett* v. *Corp. of Leeds*, Law Rep., 7 Ch. App. 421; *Wetmore* v. *Story*, 22 Barb. 439 *et seq.*; *Dunham* v. *Williams*, 37 N. Y. 251–252; *Townsend* v. *Hayt*, 51 id. 656; *English* v. *Brennan*, 60 id. 609; *White's Bank of Buffalo* v. *Nichols*, 64 id. 65; *Mott* v. *Mott*, 68 id. 246.) The complaint presents a clear case of a common-law action for deceit. (Cooley on Torts, 475; *Bayard* v. *Malcolm*, 1 Johns. 453; 2 id. 550; *Thomas* v. *Beebe*, 25 N. Y. 244; *Witmark* v. *Herman*, 12 J. & S. 144–146; *Sparmann* v.

*Keim*, id. 163–168.) The prayer for relief should be considered in ascertaining the meaning of the complaint. (Old Code, § 142, subd. 3 ; new Code, § 481.) A party defrauded in any contract has his choice of remedies. ( *Whitney* v. *Allaire*, 4 Den. 554–558 ; *Kennedy* v. *Thorp*, 51 N. Y. 174 ; *Morris* v. *Rexford*, 18 id. 552 ; *Bank of Beloit* v. *Beale*, 34 id. 473 ; *Kinney* v. *Kiernan*, 49 id. 164.) But even though the prayer for relief, standing alone, might not determine the nature of the action, it is so consistent with all the allegations of the complaint as to fortify the conclusion that this is purely an action at law for deceit. ( *Graves* v. *Spier*, 58 Barb. 349 ; *Long* v. *Warren*, 68 N. Y. 426, 427.) This action, being one for deceit, can be sustained only upon proof of the several allegations of the complaint, charging that the defendants falsely misrepresented or fraudulently concealed facts with intent to deceive, the plaintiff implicitly relying thereon. (*Marshall* v. *Fowler*, 7 Hun, 237 ; *Marsh* v. *Falker*, 40 N. Y. 562 ; *Oberlander* v. *Spiess*, 45 id. 175 ; *Meyer* v. *Amidon*, id. 169 ; *Hubbell* v. *Meigs*, 50 id. 480 ; *Hawkins* v. *Palmer*, 57 id. 664 ; *Hammond* v. *Pennock*, 61 id. 145, 151 ; *Still* v. *Little*, 63 id. 427 ; *Duffany* v. *Ferguson*, 66 id. 482 ; *I. P. & C. R. R. Co.* v. *Tyng*, 63 id. 653 ; *Haycraft* v. *Creasy*, 2 East, 92 ; *State Bank* v. *Hamilton*, 2 Ind. 457, 464 ; *Faribault* v. *Suter*, 13 Minn. 223–231 ; *Brooks* v. *Hamilton*, id. 26 ; *Botsford* v. *Wilson*, 75 Ill. 132 ; *Taylor* v. *Leith*, 26 Ohio St. 428 ; *Moore* v. *Noble*, 53 Barb. 425 ; *Weed* v. *Case*, 55 id. 534 ; *Marsh* v. *Falker*, 40 id. 562–565 ; *Meyer* v. *Amidon*, 45 id. 169–171 ; *Hubbell* v. *Meigs*, 50 id. 480–491 ; *Sparmann* v. *Keim*, 12 J. & S. 163 ; *Ellis* v. *Andrews*, 56 N. Y. 83 ; *Duffany* v. *Ferguson*, 66 id. 482 ; Kerr on Frauds, 57, 82, 83, 87, 90 ; *Elwell* v. *Chamberlain*, 4 Bosw. 321–335 ; *Bronson* v. *Wiman*, 8 N. Y. 182, 186, 189.) The testimony of John H. and Samuel Riker, negativing the existence of a fraudulent intent was competent and material. (*Seymour* v. *Wilson*, 14 N. Y. 567–569 ; *Forbes* v. *Waller*, 25 id. 430–439 ; *McKown* v. *Hunter*, 30 id. 625–628 ; *Bedell* v. *Chase*, 34 id. 386–388 ; *Thurston* v. *Cornell*, 38 id. 281–287 ; *Cortland Co.*

v. *Herkimer Co.*, 44 id. 22–26; *Fiedler* v. *Darein*, 50 id. 437–443; *Kerrains* v. *People*, 60 id. 221–229.) No provision of the Code relieves the plaintiff from proving the case stated in his complaint, or permits him, upon allegations of fraud, to recover for surprise or mistake. (*Hotop* v. *Neidig*, 17 Abb. 332; *Peck* v. *Root*, 5 Hun, 547; *Short* v. *Barry*, 58 Barb. 177; *Degraw* v. *Elmore*, 50 N. Y. 1; *Ross* v. *Mather*, 51 id. 108; *Dudley* v. *Scranton*, 57 id. 424; *Barnes* v. *Quigley*, 59 id. 265; *McMichael* v. *Kilmer*, 76 id. 36; § 1207 of the Code of Civil Procedure; § 275 of the old Code; *Towle* v. *Jones*, 1 Robt. 87; *Ryder* v. *Jenny*, 2 id. 56; *Boardman* v. *Davidson*, 7 Abb. [N. S.] 439; *Cowenhoven* v. *City of Brooklyn*, 38 Barb. 9–13; *Combs* v. *Dunn*, 56 How. Pr. 169; *Beach* v. *Eager*, 3 Hun, 610; *Lewes* v. *Mott*, 36 N. Y. 395; *Bradley* v. *Aldrich*, 40 id. 504; *Arnold* v. *Angell*, 62 id. 508; *People* v. *Denison*, 19 Hun, 137, 146, 147; affirmed, Ct. of App.) No judgment can be given by reason of section 120 of the Code of Civil Procedure which could not previously have been granted upon some well-defined and settled principle of relief at law or in equity. (*Heywood* v. *The City of Buffalo*, 14 N. Y. 534, 540; *Bouton* v. *City of Brooklyn*, 7 How. Pr. 198–205; *Chemical Bank* v. *Mayor*, 1 Abb. 79–80; *N. Y. L. Ins. Co.* v. *Supervisors*, 4 Duer, 192–199; *Neustadt* v. *Joll*, 2 id. 530; *Peters* v. *Delaplaine*, 49 N. Y. 362, 369, 370; 1 Wait's Pr. 27–28.) There is nothing in the complaint to suggest that damages will not fully compensate the plaintiff, or that the defendants are not able to respond in damages, nor is there any charge nor claim of a trust fund, nor any prayer for any relief which a court of law could not grant upon due proof of the facts charged. (*Bradley* v. *Boseley*, 1 Barb. Ch. 125, 128.) The proofs and judgment must conform to the pleadings in a suit in equity, as well as in an action at law. (*Brantingham* v. *Brantingham*, 12 N. J. Eq. 160–163; *Hoyt* v. *Hoyt*, 27 id. 402; 28 id. 485; *Bailey* v. *Ryder*, 10 N. Y. 363–370; *Rome Exchange Bank* v. *Eames*, 1 Keyes, 588–592; *Hale* v. *Omaha Nat. Bank*, 7 J. & S. 207; affirmed, 64 N. Y. 550.) A bill in equity charging actual fraud

must be sustained by proof of actual fraud. (*Price* v. *Berrington*, 3 MacN. & Gord. 486, 498–9 ; *Ferraby* v. *Hobson*, 2 Phillips' Ch. 259 ; *Glascott* v. *Lang*, id. 310; *Montesquieu* v. *Sandys*, 18 Ves. 302 ; *Burdette* v. *Hoyt*, 11 Law Times, 289 ; *Hoyt* v. *Hoyt*, 27 N. J. Eq. 399 ; *Pierce* v. *Brassfield*, 9 Ala. [N. S.] 573 ; *Williams* v. *Sturdevant*, 27 id. 598 ; *Leighton* v. *Grant*, 20 Minn. 345 ; 1 Daniels' Ch. Pr. [5th ed.] 279 ; *Curson* v. *Belworthy*, 22 Eng. L. & Eq. 1, 5, 7, 11 ; 3 H. of L. Cas. 742 ; *Fisher* v. *Boody*, 1 Curt. C. C. 206, 211, 223 ; *Eyre* v. *Potter*, 15 How. 42, 56 ; *Graham* v. *R. R. Co.*, 3 Wall. 704 ; *Wiswall* v. *Hall*, 3 Paige, 313 ; *Tillinghast* v. *Champlin*, 4 R. I. 173, 192, 202.) A complainant in equity, having charged actual fraud in his bill, cannot sustain his suit upon other incidental allegations, mingled with the charges of actual fraud. (Langdell on Equity Pleading, § 63 ; *Tillinghast* v. *Champlin*, 4 R. I. 173, 201.) Even though the prayer of the complaint were to be considered broad enough to justify the exercise of any equitable power of the court adapted to the allegations of the complaint, the proof failed to present a case for equitable relief upon any ground. (*U. S.* v. *Arredondo*, 6 Pet. 691, 716 ; *Stewart* v. *G. W. Railway Co.*, 9 Dr. & Sm. 438 ; Story's Eq. Jur., chap. 6, p. 7 ; id., §§ 214, 245 ; *Mercier* v. *Lewis*, 39 Cal. 533 ; *Jaeger* v. *Kelley*, 52 N. Y. 274 ; *Sears* v. *Shafer*, 1 Barb. 408 ; *Bucklin* v. *Bucklin*, 1 Keyes, 145 ; *Harrison* v. *Guest*, 6 DeG., M. & G. 424 ; 8 H. of L. Cas. 481.) The difference in general intelligence between the parties constituted in the present case no ground for relief. (*Mann* v. *Betterly*, 21 Vt. 32 ; Shelford on Lunacy [2d ed.], 350 ; *Osmond* v. *Fitzroy*, 3 P. Wms. 129 ; 2 Am. Rep. 327 ; id. 39 ; *Lewis* v. *Pead*, 1 Ves. Jr. 19 ; Story's Eq. Jur., § 237 ; *Blackford* v. *Christian*, 1 Knapp, 77 ; *Allore* v. *Jewell*, 4 Otto, 506 ; *Howe* v. *Howe*, 99 Mass. 89–99 ; *Nexsen* v. *Nexsen*, 2 Keyes, 229–231 ; *Hewlett* v. *Wood*, 55 N. Y. 634.) The difference between the parties in the special information concerning the subject-matter was not in this case of the degree or character which would have justified a finding that fraud had been practiced. (*Lyon* v. *Richmond*, 2 Johns. Ch. 51–60 ; *Marble* v.

*Whitney*, 28 N. Y. 297, 308; *Jacobs* v. *Morange*, 47 id. 27; *Sprague* v. *Duel*, 11 Paige, 480; *Dambmann* v. *Schulting*, 75 N. Y. 55, 63; Story's Eq. Jur., §§ 210, 212, 213, 252; *Hallet* v. *Collins*, 10 How. [U. S.] 174; *Stettheimer* v. *Killip*, 75 N. Y. 282; *Long* v. *Warren*, 68 id. 426–431; *Bayley* v. *Merrill*, Cro. Jac. 386; *Starr* v. *Bennett*, 5 Hill, 303; *Tallman* v. *Greene*, 3 Sandf. 437; *Toker* v. *Toker*, 31 Beav. 629.) The conveyance was not executed under any circumstances of fraudulent surprise. (Story's Eq. Jur. 120; id., § 251, note 5; *Earl of Bath and Montague's Case*, 3 Ch. Cas. 56; § 251, p. 262; *Long* v. *Warren*, 68 N. Y. 426; *Tallman* v. *Greene*, 3 Sandf. 437; *Hall* v. *Perkins*, 3 Wend. 626; *Livingston* v. *Peru Iron Co.*, 2 Paige, 390.) Intent to deceive and knowledge of falsity were material issues in the case, and it was competent for the inculpated persons to disprove such intent or knowledge by testifying to the state of mind in which they were at the indicated time. (*McKown* v. *Hunter*, 30 N. Y. 625–628; *Thurston* v. *Cornell*, 38 id. 281–287; *Fiedler* v. *Darrain*, 50 id. 437–443; *Kerrains* v. *People*, 60 id. 221–229; *Barrett* v. *Western*, 66 Barb. 205; *Hardt* v. *Schulting*, 13 Hun, 537; *Turner* v. *Keller*, 66 N. Y. 66–69; *Chadwick* v. *Fonner*, 69 id. 404–407; *Richtmeyer* v. *Remsen*, 38 id. 206; *Bennett* v. *Lake*, 47 id. 93; *Barnes* v. *Quigley*, 59 id. 265; *Union Bk.* v. *Mott*, 10 Abb. 372–376.) If the amendment to the complaint proposed by plaintiff changed the cause of action, and that was its only object, the referee had no power to authorize it. (*Bush* v. *Tilley*, 49 Barb. 599–605; *Hochstetter* v. *Isaacs*, 44 How. 495; *Chittenango Cotton Co.* v. *Stewart*, 67 Barb. 423; *Sinclair* v. *Neill*, 1 Hun, 85; *Joslyn* v. *Joslyn*, 9 id. 388; *Riley* v. *Corwin*, 17 id. 597; *Bockes* v. *Lansing*, 74 N. Y. 437)

DANFORTH, J. The names of actions no longer exist, but we retain in fact the action at law and the suit in equity. The pleader need not declare that his complaint is in either; it is only necessary that it should contain facts constituting a cause of action, and if these facts are such as at the common law his

client would have been entitled to judgment, he will under the Code obtain it. If on the other hand they establish a title to some equitable interposition or aid from the court, it will be given by judgment in the same manner as it would formerly have been granted by decree. So the complaint may be framed with a double aspect ( *Wheelock* v. *Lee*, 74 N. Y. 500; *Hale* v. *Omaha Nat. Bank*, 49 id. 626; *Bradley* v. *Aldrich*, 40 id. 512; *Sternberger* v. *McGovern*, 56 id. 12; *Margraf* v. *Muir*, 57 id. 159); but in every case the judgment sought must be warranted by the facts stated. For as was said in *Dobson* v. *Pearce* (12 N. Y. 156), "the question is, ought the plaintiff to recover," or as in *Crary* v. *Goodman* (id. 266), "whether according to the whole law of the land applicable to the case the plaintiff makes out the right which he seeks to establish?" It is only when he fails in doing this that he can be treated as one making a false clamor. But, notwithstanding the liberality of the law which permits this construction, the plaintiff can have no relief that is not "consistent with the case made by his complaint and embraced within the issue." (Code, § 275.) He must, therefore, establish his allegations (*Salter* v. *Ham*, 31 N. Y. 321; *Bradley* v. *Aldrich*, 40 id. 504; *Heywood* v. *Buffalo*, 14 id. 540), and if they warrant legal relief only, he cannot have equitable relief upon the evidence. He must bring his case within the allegations as well as within the proof. (*Bradley* v. *Aldrich*, 40 N. Y. 504; *Arnold* v. *Angell*, 62 id. 508; *People's Bank* v. *Mitchell*, 73 id. 415.) And, notwithstanding the very learned and extended arguments advanced upon this appeal, we think the case must be decided upon the application of these rules. First, it is quite evident that the plaintiff at the outset, and before commencing his action, conceived himself entitled to damages and nothing else. For in compliance with the statute in that respect he gave notice of his claim to the comptroller and demanded "payment of the sum of $200,000 as damages for the fraudulent obtaining and using of the deed or release," mentioned in the complaint. This being refused and action commenced, the allegations in the complaint are to the same effect.

They describe the property conveyed by the deed and characterizing the application for it as fraudulent, declare that at that time the defendant was informed the property belonged to Miner; that he was ignorant thereof, and that the defendant fraudulently and with intent to deceive and defraud the plaintiff out of his aforesaid property fraudulently kept concealed from the plaintiff " the fact of the opening of Seventy-eighth street, and also the fact of the closing of " a certain other street (both material to his title); that at the same time it falsely informed and · represented to him that he had some slight claim to the said portion of said street, but that it was a mere equitable claim and of no value; that misled, deceived and induced by such fraudulent concealment, and such false and fraudulent statements and misrepresentations as to the said property, his interest therein and the value thereof, and believing the same to be true and relying thereon, and without consideration, he executed and delivered to the defendant the said deed or release; that his interest so conveyed was worth $200,000, and for that sum judgment is demanded. If these allegations were admitted to be true, or the defendant failed to answer, the plaintiff would be entitled to recover, and the only proceeding consequent on such admission would be an assessment of damages. But so far from that, the defendant answered and by denial took issue upon the averments. For the trial of the issues so formed a jury was the appropriate tribunal, and we find that it was resorted to. (5 J. & S. 171.) Except by consent of both parties it must have been again sought; but such consent was given and we have now before us the proceedings upon a trial before a referee. His decision is to be treated like the verdict of a jury, and upon every issue he has found in favor of the defendant. He finds there was no fraud practiced, no fraudulent contrivance or concealment, no fraudulent intent on the part of the defendant or its agents. Besides this, actual good faith is established.

The whole assumed cause of action is, therefore, taken away. (*Miller* v. *Barber*, 66 N. Y. 558; *Arnold* v. *Angell*, 62 id. 508; *Long* v. *Warren*, 68 id. 426; *Thomas* v. *Beebe*, 25 id.

244.) Indeed it is shown to have had no existence. The General Term, by whom the evidence is weighed and examined, have approved the findings of the referee, and the judgment directed by him has been affirmed. These findings having been made upon conflicting evidence, or evidence altogether in favor of the defendant, are conclusive upon this court. (*Quincey* v. *White*, 63 N. Y. 370; *Leonard* v. *N. Y., etc., Tel. Co.*, 41 id. 544, 568; *Stilwell* v. *Mutual Life Ins. Co.*, 72 id. 385.) Nor do we find that any error was committed by the referee in refusing additional findings at the request of the plaintiff. The questions presented were either included in the findings already made, or depended upon inferences to be drawn from evidence not conclusive, and in neither case can those exceptions be sustained. (*Andrews* v. *Raymond*, 58 N. Y. 676.) Notwithstanding this brief statement of our conclusion, we have been compelled, in arriving at it, to examine the entire evidence and the elaborate and interesting briefs of counsel; and in view of the appellant's position, that the case presented matters of equitable cognizance, it may be not improper to state that it seems to us far from clear that the circumstances are such as to require the strictness of the common law to be abated, or that upon pleadings, however framed, the plaintiff could recover. There was actual possession of the land by other parties, and as it now seems, equities affecting the conscience of the intestate, if they did not the title, and these circumstances may have led to that prompt and almost eager compliance with the defendant's application, which is now relied upon as the result of fraud or imbecility. But without regard to such considerations and upon the ground before stated, we think that the appeal is not sustained, and that the judgment should be affirmed.

All concur.

Judgment affirmed.