(7 Misc. Rep. 426.)

### FOX v. BROOKS et al.

(City Court of New York, General Term.　March 9, 1894.)

VOLUNTARY APPEARANCE—RIGHT TO SERVE ANSWER.

　　Under Code Civ. Proc. § 424, providing that a voluntary general appearance by defendant is equivalent to personal service of summons on him, where defendant appears in the action, plaintiff cannot refuse to accept service of his answer on the ground that he was not served with summons.

Appeal from special term.

Action by Edward W. Fox against Solomon Brooks and Aaron Brooks for goods sold and delivered.　From an order denying a motion to compel plaintiff's attorney to receive notice of trial, defendants appeal.　Reversed.

Argued before VAN WYCK, NEWBURGER, and McCARTHY, JJ.

Otto Irving Wise, for appellants.

Henry Zimmer, for respondent.

McCARTHY, J.　This action was brought against "Solomon Brooks and ——— Brooks, first name unknown," to recover the

sum of $161.56, with interest, for goods sold and delivered. The summons in this case is issued against "Solomon Brooks and ——— Brooks, first name being unknown." The summons and complaint herein were served on the defendant Solomon Brooks on the 23d of January, 1894. · On the next day, January 24, 1894, a notice of appearance for both defendants was served on the attorney for the plaintiff. On Friday, January 26th, the answer of Aaron Brooks, one of the defendants, together with the defendants' notice of trial, was served on the plaintiff's attorney, as is shown by the affidavit of service. Thereafter, and on Monday, January 29th, the answer and notice of trial were both returned with the following indorsement:

"Otto Irving Wise, Esq.—Sir: The within is hereby returned on the ground that the person Aaron Brooks, named as defendant, has not been served in this action, and no personal claim is made against him.

"Henry Zimmer, Pl'ff's Atty.
"Dated New York, Jan. 29th, 1894."

On the same day an order to show cause was obtained, returnable the next morning, why the answer and notice of trial thus returned should not be received by the plaintiff's attorney. The motion was argued and denied, with the following memorandum:

"This motion must be denied. No personal claim is made against the answering defendant, and infancy is no defense as to the copartnership property."

The only question here is, was the plaintiff bound to accept the answer and notice of trial served for and in behalf of the defendant Aaron Brooks, although he had not been served with the summons and complaint? The action was on a joint liability, and the notice of appearance was served and accepted for both defendants. This, then, was a voluntary appearance by the defendant Aaron Brooks, and equivalent to a personal service on him and waiver by the same of any irregularity. See Code Civ. Proc. § 424. In Higgins v. Freeman, 2 Duer, 652, Bosworth, J., says:

"I think the plaintiff is wrong in the position that a person named as defendant, and against whom personally a judgment is prayed, has no right to appear and answer until he has been served with a summons. The Code declares the voluntary appearance of a defendant equivalent to personal service of the summons on him. Code Proc. § 139. This assumes that he has a right to appear. It subjects him to the same liabilities as if personally served with process, and it would be a strange construction of this part of the Code that should hold he did not thereupon acquire all the rights of a party actually served."

Section 424 of Code of Civil Procedure, is, entirely, the latter part of section 139 of Code of Procedure. See, also, opinion of Ingraham, J., in Wellington v. Classon, 18 How. Pr. 10, 11; Wheelock v. Lee, 74 N. Y. 498; and Martine v. Lowenstein, 68 N. Y. 456, 458. The justice at special term, therefore, erred in his conclusions, and the order appealed from should be, and the same hereby is, reversed, with costs to the appellant; and the motion to compel the plaintiff to accept the answer and notice of trial should be granted, with $10 costs to the appellant. All concur.