White, J.
The only ground upon which a reversal of the-judgment appealed from is asked is that the complaint does not allege that in the transaction between the parties the defendant intended to cheat and defraud the plaintiff. It is well settled that, in order to justify a recovery for damage alleged to have been sustained as a consequence of false and fraudulent representations, the intent to defraud must be alleged as well as proved. Steamship Co. v. Mitchell, 1 Abb. Pr. (N. S.) 396; Cullen v. Hernz, 13 St. Rep. 333; Marsh v. Falker, 50 N. Y. 265. When, as in this case, no complaint is served with the summons, the relief granted the plaintiff by default should be limited by his allegations as well as by his proofs. Code, § 1207: Stevens v. Mayor, 84 N. Y. 296; Weatherby v. Wood, 29 How. 404; Beach v. Cooke, 28 N. Y. 508 ; Graham v. Read, 57 id. 681; Evans v. Burton, 42 Hun, 652. Theihtent to defraud being an essential element m the plaintiff case, it was necessary to allege as well as to prove it. No intent to defraud having been alleged in the complaint, the court below was not authorized to find any. Therefore, as the judgment establishes an intent to defraud, it is not warranted by the complaint, and should be set aside, and a new trial granted.
All concur.