Bissell, J.,
delivered the opinion of the court.
A train, operated by The Denver and Rio Grande Railway Company, in the latter part of January, 1892, near Woody, in Pitkin county, killed a couple of cows belonging to the appellee, Wheatley. This action resulted. It was brought in the county court, and, as originally begun, there was an attempt to state two causes of action springing out of the same transaction. The first was an action against the company, based on the negligent operation of the train, whereby they became liable for the damage. The second was stated as one given by the statute, commonly called “ The Stock-Killing Act.” Various proceedings were had in the county court, and, during the progress of the litigation, the plaintiff abandoned his first cause of action and by leave of court withdrew it from consideration. The case was thus left to stand on the second count, which was under the statute. The case was put at issue and ultimately tried. Judgment *285 went against the Railroad Company, which took it to the district court, where it was again tried before a jury, and a verdict rendered against them. The only evidence' which bore on the main question of the circumstances of the accident was that of Wheatley and the engineer in charge of the train. Wheatley testified as to the value of the animals, and put the two at $155. ETo other witness spoke on this subject. There was no statement respecting the management or operation of the train, except that given by the engineer. According to this, the train was pursuing its usual way on a down grade, without steam, and running under the air brake at the rate of twenty-five miles an hour, which was the usual speed of that kind of a train in this locality. The accident happened about eleven o’clock at night, and the engine, of course, was running with a headlight, which rendered objects visible some two or three hundred feet ahead. The engineer discovered something on the track, but was unable to determine definitely what it was, applied the brakes, and as nearly as he could checked the train before it struck the cows. According to his estimate, the train was running about fifteen miles an hour when the animals were struck and killed. There was nothing whatever to show negligence on the part of the company in running the train in that locality at that rate of speed, and nothing even tending to disclose a want of necessary care in the management or operation of the motive power. On this testimony the jury rendered a verdict for $133.33J, — manifestly a compromise verdict of some kind, — but they did not find the value to be according to the evidence, as it ought to> have been either $155 or nothing.
A number of questions are suggested on the appeal, but we shall only dispose of one or two, which will necessarily reverse the case and send it back for a new trial. For some time it has been well settled in this state that the stock-killing act is unconstitutional, and no action can be maintained which was conceived under the act and does not contain the elements requisite to sustain a common law action of negli *286 gence. D. & R. G. Ry. Co. v. Outcalt, 2 Colo. App. 395 Wadsworth v. The U. P. Ry. Co., 18 Colo. 600.
We are not required to determine whether the complaint in this suit contains what would be necessary to sustain this, kind of an action, because the plaintiff precluded himself from insisting on that proposition by especially abandoning the count which stated such a cause. The express abandonment must be taken as a waiver of any right, and the abandoned count as being without the record. Brown v. The Saratoga R. R. Co., 18 N. Y. 495; Wheelock v. Lee, 74 N. Y. 495.
It 'is perhaps wholly unnecessary to put the case on this basis, because one quite as satisfactory and much more conclusive against the plaintiff is to be found in the evidence which he offered to maintain his case. If we should concede the second count contained enough to state a cause based on negligence, the plaintiff in no manner sustained it. There was nothing to show negligence on the part of the company, aside from the simple fact that one of its trains killed the animals. The train was shown to have been running in the usual way, and, so far as we can see, in a manner entirely justified bjr the situation, the locality, and the possible danger to either passengers or wandering stock. The verdict, then, could only be justified on the basis of an absolute liability arising from the enforcement of an act which has been adjudged unconstitutional. This is impossible, and the plaintiff consequently was without the right to recover.
Error has been assigned on the instructions of the court and some matters suggested which would require consideration if what has already been said did not absolutely dispose of the case as it now stands. Subsequent to the decision in the Outealt Case, the legislature passed an act making the fact that stock was killed prima facie evidence of negligence, and requiring the company to take the burden of showing due care in the management and operation of its trains. The court charged the jury on this hypothesis, and the Railroad Company complains that this is error. Their contention *287 is on the hypothesis that since the accident occurred prior to the passage of the act, the shifting of the burden is an infringement of their constitutional rights and gives the statute a retrospective effect, which is not permissible. This question is simply suggested, but will be left undecided. We shall only suggest, as was mentioned in the Outcalt Oase, that matters of evidence and of procedure are usually entirely within the legislative control, and the rules affecting either can be changed at pleasure, and will be applicable to existing as well as future controversies. This is the general rule, but whether this is a proper case in which to apply it we do not determine, for the question was not so presented in the court below as to compel us to decide it. The case must go back for another trial, and should the company raise the question and preserve it in the record, the matter would then of necessity go to the supreme court, which must ultimately decide questions of this description.
We are inclined to concede to the appellee the right to present his case on such evidence as he may be able to offer of the negligence of the company, if any is at his command, and shall therefore give him the right to apply to the court below for leave to amend his complaint and state an action based on negligence. Of course it will remain true, unless the proof is in some manner changed from its present status, the plaintiff can never be entitled to judgment against the company for the value of his stock. This, however, must be a matter for the determination of the trial court, who will be guided by our intimations respecting the form and effect of the case as it has already been made.
The plaintiff was not entitled to a judgment, and the one which he obtained must be reversed and the cause remanded.

Reversed.