JACOBSON et al. v. BROOKLYN EL. R. CO. et al.

(Supreme Court, Special Term, Kings County. January 22, 1898.)

1. EMINENT DOMAIN—INJURY TO LAND—ACTION BY EXECUTOR.
   When a claim against a railroad company for damages for an injury to real property passes to the executors of the will of the owner of the property, it becomes merely the basis for a common-law action for damages.

2. ACTION—MISJOINDER OF CAUSES.
   An equitable action against a railroad company by a devisee of real property for an assessment of damages that have accrued since he took the property, and for an injunction if the damages be not paid, and an action by the executors of the will under which devisee takes for damages that had accrued up to the time of testator's death, cannot be properly united in one action.

3. PLEADING—WAIVER OF OBJECTIONS.
   Under Code Civ. Proc. §§ 498, 499, providing that, where a cause for demurrer does not appear upon the face of the complaint, the objection may be taken by answer, and that, if such objection is not taken, the defendant will be deemed to have waived it, a defendant who has failed to plead it cannot make objection to the improper union of two causes of action.

4. EQUITY—ADEQUATE REMEDY AT LAW.
   A complaint alleging that the executors of a will and the devisee under the will are the owners of the property for injury to which they ask an assessment of damages against a railroad company, and that the same be enforced by injunction, states an action in equity only; and, where the proof shows the executors to have only a common-law action for damages, chancery may be ousted of its jurisdiction on objection, notwithstanding there was no plea that they had an adequate remedy at law.

5. ACTION—MISJOINDER—SEVERANCE.
   Where a common-law action is improperly united with an equitable action, the defendant, by demanding a jury trial in the common-law action, may compel the court to sever the action, without pleading to the improper union of the parties, or that there was an adequate remedy at law.

Action by Arthur C. Jacobson individually, and himself and another, as executors of the last will of Mary Jacobson, against the Brooklyn Elevated Railroad Company and others, for an assessment of damages, and for an injunction unless such damages be paid. As to the executors, sent to the jury calendar. As to the plaintiff Jacobson individually, judgment against defendants.

Stephen M. Hoye, for plaintiff.
Alex. S. Lyman, for defendant.

GAYNOR, J. Counsel for the company moved before any witness had been sworn, and again at the close of the evidence, that the claim for damages for loss of rents which accrued prior to September 12, 1896, when the plaintiff Jacobson got title by devise from his mother, be sent to the jury calendar for trial, and that the court try in equity only the case of the said owner. Upon the death of the said mother her claim for damages passed to her executors. They have no interest in restraining the maintenance and operation of the road. Their claim is disconnected from the land, and is the basis for a common-law action for damages only. On the other hand, the mother's devisee (the plaintiff Jacobson) has a separate claim for damages since he

became owner, and also a right of action to restrain the future maintenance and operation of the road; but he has a standing in equity to have his damages found and to obtain relief by injunction at the same time. Cogswell v. Railroad Co., 103 N. Y. 10, 8 N. E. 537. Two distinct causes of action, viz., that of the present owner and that of the executors of the former owner, are therefore improperly united. But the defendant cannot take this objection for not having pleaded it. Code Civ. Proc. §§ 498, 499. Nor has it pleaded that the executors have an adequate remedy at law. But it was not required to do this, for the complaint does not disclose their true position of having only a legal cause of action, but on the contrary it alleges that they with the other plaintiff (Jacobson) are the owners. It does not disclose that the plaintiff Jacobson became the sole owner in 1896 as devisee of their testator. The complaint thus states a good suit in equity only. In such a case the defendant never had to plead that the plaintiffs, or any of them, had an adequate remedy at law, in order to oust chancery of jurisdiction. On the contrary, when the proof showed that instead there was only a common-law action, it was in time to take the objection to the jurisdiction of chancery then, and the suit had to be dismissed. Dalton v. Vanderveer (Sup.) 29 N. Y. Supp. 342; Wheelock v. Lee, 74 N. Y. 495. But that motion has not been made here in respect of the executors, and we therefore have the precise question to decide, viz., whether the action must be severed, and the claim of the executors sent to the jury calendar, for that was the motion made. I think it must be answered in the affirmative. The defendant was entitled to a jury trial thereon, and did not waive it. Wheelock v. Lee, supra; Code Civ. Proc. § 1009. It did not plead a misjoinder, nor that the executors had an adequate remedy at law (for that was not true of their cause of action as alleged, and therefore could not be pleaded of it); nor did it move to dismiss their cause of action upon the evidence, which revealed that they had none in equity; but nevertheless they asked in time for a jury trial. That they did this instead of asking for the dismissal which they were entitled to, cannot be found fault with by the plaintiff executors; and I do not dismiss it only because the defendant asks instead that it be sent to the jury calendar.

From the time the road was built to the present, I find that the value of the property has depreciated about $2,000, one-half of which is permanent damage caused by the road. The plaintiff Jacobson has lost $60 in rent.

Let the plaintiff Jacobson have judgment for a perpetual injunction unless this sum of $1,060 be paid.