JULIA A. FROTHINGHAM and ALFRED BEDLOW, Respondents, *v.*
SARAH A. STILLWELL and CHARLES C. KEELER, Appellants,
Impleaded with FLORENCE B. TOWNSEND.

*The issues in an equity case were not triable at Circuit in 1893 unless so directed, in
the absence of consent — what consent is not a waiver of the objection.*

The Circuit Court of the State of New York had no jurisdiction in 1893 to try
the issues involved in an action in equity brought to set aside certain deeds of
conveyance, on the ground of undue influence, in the absence of an order of
the Supreme Court, which alone had jurisdiction of equity causes, directing
the trial of such issues, or of the express consent of the parties.

The consent of the defendants in such an action to a trial in the Circuit Court
cannot be implied from the fact that they noticed it for trial at the Circuit Court
and consented to its being placed upon the calendar of that court for trial, where
it appears that before the trial had actually been begun the defendants moved
to have the case stricken from the calendar of that court on the ground that it
had no jurisdiction to try the issues involved.

APPEAL by the defendants, Sarah A. Stillwell and Charles C.
Keeler, from a judgment of the Supreme Court in favor of the plain-
tiffs, entered in the office of the clerk of the county of New York
on the 2d day of January, 1894, upon the decision of the court ren-
dered after a trial at the New York Special Term, a trial of certain
issues in the action having previously been had at the New York
Circuit and the verdict of a jury taken thereon ; also from an order
made at the New York Circuit and entered in said clerk's office on
the 22d day of January, 1894, denying the said defendants' motion
to set aside the verdict of the jury and for a new trial made upon
the minutes, and also from an order made at the New York Special
Term and entered in said clerk's office on the 9th day of February,
1894, denying the motion of said defendants to amend the judgment
above referred to in the following particulars :

I. By striking out in the caption the words " Circuit Court and."

II. By striking out all after the title to the words, " Ordered,
adjudged and decreed " and inserting in lieu thereof the following :
" This cause having been duly brought on for trial before Mr. Jus-
tice INGRAHAM, at a Special Term of this court held at the County
Court House in the City of New York on the 29th day of Novem-
ber, 1893, and said court having rendered its decision whereby

judgment is directed to be entered to the following effect; now, on motion of Deyo, Duer & Bauerdorf, attorneys for the plaintiffs, it is hereby ordered, adjudged and decreed."

*George W. Stephens,* for the appellants.

*George B. Covington,* for the respondents.

McLAUGHLIN, J. :

This action was brought for the purpose of setting aside, on the ground of undue influence, two deeds of conveyance. The plaintiffs had judgment from which two of the defendants have appealed. The action was brought in the Supreme Court, and thereafter noticed for trial by both parties at a Circuit Court, and by consent placed upon the day calendar of that court for trial. When the trial was moved by the plaintiffs, and before it had actually been begun, and before any further proceedings had been taken, the defendants appealing objected to the trial by the Circuit Court and moved that the case be stricken from the calendar of that court. The ground of the objection and motion was that the Circuit Court had no jurisdiction to try the issues involved. The objection was overruled, the motion denied and the defendants excepted. The trial then proceeded, and at the close of the testimony the learned trial justice submitted two questions of fact to the jury, and it having rendered a verdict, the cause was then sent to and the trial was completed at a Special Term of the Supreme Court, where this verdict was offered and received in evidence. The trial took place and the judgment was rendered in 1893, and at that time the Circuit Court and the Supreme Court had no connection with each other. They were separate and distinct courts. (*Jones* v. *Merchants' Nat. Bank,* 45 Hun, 156 ; *Ingersoll* v. *Lansing,* 51 id. 101 ; Code Civ. Proc. [Bliss' 4th ed.] §§ 2, 93, 95, 97, 218, 232, 251, 256.) The distinction which then existed has since been abolished by constitutional amendment. (N. Y. State Const. art. 6, § 6.)

The action was an equitable one triable in the Supreme Court, which alone had jurisdiction of equity causes. The Circuit Court had no original jurisdiction in equity causes. It was a court of law, and proceedings therein are confined to trial of issues of fact triable

by a jury. It had no power to grant equitable relief. That court, therefore, had no jurisdiction to try any of the issues involved in this action, no order having been made by the Supreme Court sending such issues there for trial. The learned justice at Circuit held that as a notice of trial had been served by the defendants and the case placed upon the day calendar of the Circuit Court with their consent, the right to object to a trial by that court had thereby been waived, and that it was then too late to say that that court did not have jurisdiction, and was not the proper one in which to try the case. With this we do not agree. The action was an equitable one and the defendants were entitled, as we have seen, to have it tried in a court having equity jurisdiction. They could not be deprived of that right by anything short of an express consent on their part or an order of the Supreme Court sending certain issues to the Circuit Court for trial. No such order was ever made, and their consent cannot be implied simply from the notice of trial and the consent that the case be placed upon the calendar of the Circuit Court. In *Wheelock* v. *Lee* (74 N. Y. 495) the Court of Appeals held that a defendant did not waive his right to a trial by jury by consenting that the case be placed upon the calendar for trial at a Special Term, and noticing it for trial there. The converse of this proposition must be equally true, namely, that a defendant does not waive his right to a trial by the Supreme Court in a case which is triable there, by consenting that the case be placed upon the calendar of the Circuit Court for trial and there noticing it for trial. In the *Wheelock* case, the court, speaking through Rapallo, J., said : " The respondent claims that the appellant waived his right to a jury trial by consenting that the case be placed on the calendar for trial at the Special Term, and by noticing the case for trial at that term. We do not think these acts amounted to a waiver. There was no consent that the action be tried without a jury and at the first opportunity the defendant demanded a jury trial. * * * It is sufficient to hold that at all events there must be some unequivocal act or consent showing an intention to abandon the constitutional right, and no such intention is apparent here." In the case before us, the defendants, when the trial was moved and at the first opportunity, objected to a trial by the Circuit Court, and asked that the cause be stricken from the calendar because it was not triable there. We

think the objection was good. The motion should have been granted. The case came directly within the authority of *Wheelock* v. *Lee* (*supra*).

The action was improperly brought on for trial before the Circuit Court, and for that reason the judgment must be reversed and a new trial ordered. The conclusion thus reached renders it unnecessary to consider the other objections raised by the appellants.

Judgment must be reversed and a new trial ordered, with costs to abide the event.

VAN BRUNT, P. J., RUMSEY and O'BRIEN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellants to abide event.