ROBERT M. C. GRAHAM et al., Appellants, *v.* THOMAS T. READ,
Executor, etc., et al., Respondents.

*It seems* that, while the court is not confined to the relief prayed for in a
complaint, and may give any other relief consistent with the case stated
and proved, judgment cannot be given in direct hostility to the theory
of the action and the substantial allegations of the complaint.

(Argued May 8, 1874; decided September term, 1874.)

THIS was an action to compel the distribution of a fund in
the hands of defendant Read as the executor of the will of
Robert McCoskry.

The facts alleged in the complaint and proved were in sub-
stance these :

Rachel W. McCoskry died in February, 1838. Until within
a few years prior to her death, she was a partner in business
with her brother-in-law, Robert McCoskry, at 98 Maiden
Lane. The premises in Maiden Lane, New York, were
owned by them as tenants in common, each an undivided
half. Rachel left a will dated October 29th, 1836, and proved
in New York March 7th, 1838, by which she devised her
estate to her executors in trust, one-half for her daughter
Mary E. Butt, for life, with remainder to her issue living at
her death, *per stirpes*, and the other half for her daughter
Marie A. Graham, for life, with remainder to her issue living
at her death, *per stirpes*. A few days before her death,
Rachel, by deed absolute on its face, dated February
1st, 1838, and recorded February 15th, 1838, for the
nominal consideration of one dollar, conveyed to Robert
McCoskry an undivided half of 98 Maiden Lane. The
deed was in fact voluntary, without any consideration.
McCoskry, about February 24th, 1838, executed an instru-
ment in writing of that date, and attached it to the deed, as
follows: " The deed given to me by Mrs. McCoskry, bearing
date February 1st, 1838, for the one-half of the store and lot
No. 98 Maiden Lane, was for the following purposes: If, at
the death of her two daughters, Mary E. Butt and Marie A.
Graham, and the one leaving more children than the other,

it was her wish to have them all share alike, but as her will do not so leave them, this property was vested in me for that purpose; and further, she mentioned to me that if· I should see any of the children in want of help, she wished me to help them," etc.

From the time of the conveyance down to the time of his death, Robert McCoskry received the rents of one-half of 98 Maiden Lane, and paid one-half of the net amount to Mary E. Butt during her life, and one-half to Marie A. Graham during her life, and after the death of Mary E. Butt and Marie A. Graham, respectively, he continued to pay the rents, one-half to the children of Mary E. Butt and one-half to the children of Marie A. Graham. Mary E. Butt died October 4, 1842, leaving seven children, two of whom subsequently died intestate and without issue. Marie A. Graham died June 7, 1850, leaving five children, two of whom subsequently died intestate and without issue. The estate of Rachel W. McCoskry, which passed under her will, amounting to over $80,000, was distributed after the death of Jane Louisa Graham, which occurred in 1850. Robert McCoskry died October, 1867, leaving a will dated February 20, 1856, by which he appointed defendant Read his executor, and empowered him to sell 98 Maiden Lane, and directed that one-half of the proceeds should be distributed among the children of Mary E. Butt and Marie A. Graham, in the following manner: After the final settlement and distribution of the estate of his deceased sister-in-law, Rachel, if it should be found that any of her grandchildren had received less from her estate than any of the others of the said grandchildren, then, that such deficiency should be made up to such grandchild from the proceeds of the said one-half part of the proceeds; he declaring his intention, in conformity with that of said Rachel, that each of her grandchildren should receive an equal share from her estate, so far as the equalization could be made out of such proceeds. The premises were sold in March, 1868, by Read, as executor, who deposited one-half of the net proceeds in a trust company — the fund at the date of the referee's report

herein amounting to $11,722.47. This is the fund in question.

The referee reported that the children of Mrs. Butt were entitled to the whole of this fund to the exclusion of the plaintiffs, children of Mrs. Graham, on the ground that the amounts received by the plaintiffs under the will of Rachel W. McCoskry was so much greater than those received by the children of Mrs. Butt, that the distribution of the whole fund among the latter would not make their respective shares equal to those of the former. *Held*, no error; that it was not necessary to test the validity of the transfer to McCoskry by the application of the law relating to trusts in real estate; that as it was intended to be converted into money, it would be regarded as such; but if regarded as a trust it was not illegal, as there was no obstacle to the conveyance of the premises by McCoskry, during the lives of Mrs. Butt and Mrs. Graham, although the fund could not be distributed until their death; and even if it be assumed that there could be no alienation of the property until their deaths, the power of alienation was only suspended for the lives of two persons then in being. Also, *held*, that inasmuch as the complaint is based upon the assumption of the validity of the transaction, and it was asked that the trust be established and enforced, plaintiffs could not claim it to be illegal; that, while the prayer for relief in a complaint did not control; and the court could give any other relief consistent with the case made in the complaint, the judgment must be still *secundem allegata et probata;* that judgment could not be given in direct hostility to the theory of the action and the substantial allegations of the complaint.

*Samuel Hand* for the appellants.

*C. Bainbridge Smith* for the respondents.

Reynolds, C., reads for affirmance.
All concur.
Judgment affirmed.