## HAWES *v.* DOBBS *et al.*

*(Common Pleas of New York City and County, General Term.* March 7, 1892.)

1. JURY TRIAL—EQUITABLE ISSUES—LEGAL CAUSE OF ACTION.
    Where, in an action for equitable relief only against several defendants, the court found that no grounds therefor existed against any of defendants, but that plaintiff was entitled to damages at law against one of defendants for breach of contract, the court properly refused to submit the case to the jury.
2. SAME—PLEADING—PRAYER FOR MONEY JUDGMENT.
    In such case, there being no allegations of damage nor prayer for a money judgment, no personal judgment for damages could be entered, and the court properly refused to submit the case to the jury.
3. EQUITY—RETENTION OF JURISDICTION—APPLICATION OF RULE.
    The rule that, where the court has once obtained equitable jurisdiction, it will proceed, and grant relief for purposes of account or otherwise, has no application where the complaint presents a purely equitable cause of action, and plaintiff utterly fails to prove any grounds for equitable relief, but shows a right to damages instead.

Appeal from special term.

Action by William P. Hawes against Charles G. Dobbs and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and PRYOR, JJ.

*Gilbert R. Hawes,* (*Flamen B. Candler,* of counsel,) for appellant. *John H. V. Arnold,* for respondents.

BOOKSTAVER, J. This action was brought in equity to have a certain agreement between Gilbert R. Hawes, plaintiff's assignor, and Charles G. Dobbs, one of the defendants, adjudged binding on one Herman A. Bergman, another defendant; to have a deed from William H. Niebuhr, who was not a party to the action, to Agnes E. Dobbs, another defendant, declared to be solely for the benefit of Charles G. Dobbs; for a judgment declaring that the interest of Charles G. Dobbs, as mortgagee of the premises mentioned in the complaint, was merged into that of owner of an undivided three-fourths of such premises; to adjudge that the liens of plaintiff's deed and mortgage on the said premises were superior in equity to the rights of any of the defendants in the premises; and also for a judgment declaring that the plaintiff was the owner of an undivided one-fourth part of those premises, and that he had a valid lien on a portion of the premises to the extent of $5,500, and interest. The complaint also contained a general prayer for such other or further relief as to the court might seem just and equitable. From the evidence and the findings of the court it appears that the premises in question were conveyed by the defendant Charles G. Dobbs to William H. Niebuhr, on or about the 28th June, 1887, and at the same time what is known as a "builder's loan contract" was executed between the parties; and that, on the 5th October of the same year, Niebuhr conveyed to Gilbert R. Hawes, plaintiff's assignor, one undivided fourth part of the premises, and that the consideration for such deed was moneys advanced to Niebuhr by Gilbert R. Hawes, to be used upon the erection of the buildings on the premises in question, under an agreement and understanding between Charles G. Dobbs and Niebuhr and

Gilbert R. Hawes, whereby Dobbs undertook and agreed to protect and secure to Hawes his said interest in the premises; and that, on or prior to the 18th day of January, 1888, a further agreement was entered into between Hawes and Dobbs, to the effect that if said Hawes would advance certain moneys to Niebuhr, the then owner of the premises, he, Dobbs, would protect Hawes therein, and that no foreclosure should be had of any mortgage held or controlled by Dobbs which would affect such interest, and that the moneys advanced by Hawes were advanced on the faith of such agreement; that for the moneys so advanced, amounting to $5,500, Hawes took a mortgage from Niebuhr on the premises in question as security. It also appears in the findings that there was in the fall of 1887 a first mortgage of $20,000, a second mortgage of $5,000, a third mortgage of $14,000, a fourth mortgage of $46,000, and a fifth mortgage of $45,000 on the premises. The two latter mortgages were held by the defendant Charles G. Dobbs; the first of the two having been executed by Niebuhr to him upon his conveyance of the premises to the former to secure a part of the purchase money, and the last mortgage having been given by the same mortgagor to the same mortgagee to secure the building loan before referred to. The court also found that the interests acquired by Hawes by the deed and mortgage before stated were assigned by him to the plaintiff. Both this deed and mortgage contained clauses making the several instruments, and the interests thereby conveyed, subject to the five mortgages first above referred to, as well as to all advances theretofore made or thereafter to be made on the premises by Dobbs. On November 2, 1887, the third mortgage of $14,000 was assigned by the then holder thereof to Sarah E. Dobbs, the mother of Charles G. Dobbs. In March, 1888, an action was brought in this court by said Sarah E. Dobbs to foreclose said last-mentioned mortgage, to which action the plaintiff and his assignor, as well as the defendant Charles G. Dobbs and William H. Niebuhr, were made parties defendant. The two former duly appeared in the action, and the plaintiff in this action, as well as Niebuhr, interposed answers to the complaint. Judgment was, after a trial in which the plaintiff and his assignor as well as Niebuhr attended and took part, entered in June, 1888, for a foreclosure of the $14,000 mortgage, and directing the sale of the mortgaged premises under the direction of a referee appointed for that purpose. Under this judgment, a sale took place in October, 1889, conducted by the referee; and the defendant Agnes E. Dobbs, by Charles G. Dobbs, purchased the mortgaged premises on that sale for $87,817.78, and thereafter assigned her bid and purchase to the defendant Herman A. Bergman, to whom the referee, on November 8, 1889, delivered a deed, upon receiving the purchase price, which was on the same day recorded in the proper office. The court has also found that at the time of the commencement of this action, which was subsequent to all of the before-mentioned transactions, Bergman was the owner of the whole premises. Hence it appears that neither at the time that the agreements claimed by plaintiff to have been made between his assignor and the defendant Charles G. Dobbs, nor at any time since, was the said Charles G. Dobbs the owner of the premises described in the complaint, or of any part of them. The court refused to find that there was any conspiracy between the parties defendant, or that the defendant Charles G. Dobbs or the defendant Agnes E. Dobbs had, at the commencement of this action, or at any time thereafter, any right, title, or interest in the premises in the complaint mentioned. This being so, this court could not impress upon the premises any lien in favor of the plaintiff by reason of any breach of the agreement or other transaction between plaintiff's assignor and Charles G. Dobbs, who, the court found, had no ownership in the premises at the time of the commencement of this action, or any time thereafter. Besides this, there was no evidence whatever, nor was the court requested to find, that the defendants Agnes E. Dobbs and Herman A. Bergman, or either of them, had any knowl-

edge of the alleged agreements between Charles G. Dobbs and the plaintiff's assignor. It thus appears that the plaintiff wholly failed to make out any case for equitable relief, notwithstanding the court has found, on the evidence submitted to it, that there was a breach of the agreement between Hawes and Dobbs. It seems to us, therefore, that his remedy would be by an action at law, where, if he proves to the satisfaction of a jury there was a breach of the contracts alleged by him, and he suffered thereby, he may recover damages therefor. Where a complaint sets forth merely a cause of action in equity, and equitable relief only is asked for, as was done in this case, even if the proof shows a right to a legal remedy, the plaintiff cannot obtain it in that action. And so, where a complaint is drawn only as in a common-law action, equitable relief cannot be granted to the plaintiff in that action. The clear distinction between equitable and legal causes of action, and the remedies appropriate to them, still exist, and a recovery must be had secundum allegata et probata. This has been stated in many reported cases, among them being *Heywood* v. *Buffalo*, 14 N. Y. 540; *Bradley* v. *Aldrich*, 40 N. Y. 504; *Mann* v. *Fairchild*, *41 N. Y. 111; *Peters* v. *Delaplaine*, 49 N. Y. 362; *Graham* v. *Read*, 57 N. Y. 681; *Stevens* v. *Mayor, etc.*, 84 N. Y. 296; *Gould* v. *Bank*, 86 N. Y. 83; *Phelps* v. *Mayor*, (Sup.) 11 N. Y. Supp. 657; *Arnold* v. *Angell*, 62 N. Y. 508. The latter case we think decisive of this question. But the appellant contends that, if the court could not grant equitable relief, it should have awarded legal relief in a personal judgment for damages, to be assessed by a jury or otherwise, and that, the court having once acquired jurisdiction, and entertained the case, it was error to dismiss the complaint on the ground that the plaintiff is not entitled to equitable relief, and, in support of this contention, cites various authorities. But we think the authorities before cited fully sustain the learned court in arriving at the conclusion it did in respect thereto. It is quite true that where a complaint states facts which, if proven, would entitle the plaintiff to either equitable relief or a legal remedy, the averments of the complaint being broad enough, and the demand for judgment being appropriate, the action will be presented in a double aspect to the court, and the court will retain it, and, upon denying equitable relief, will allow the parties on the pleadings, as they stand, to test their legal rights in the proper way. *Sternberger* v. *McGovern*, 56 N. Y. 12; *Seeley* v. *Bank*, 8 Daly, 402, affirmed 78 N. Y. 608; *Cogswell* v. *Railroad Co.*, 105 N. Y. 319, 11 N. E. Rep. 518. But that is not true of either the complaint or the prayer for judgment in this case. There are no allegations of damage. There is no prayer for a money judgment. It is also true that there are other cases in which, where, for any cause by reason of anything that has taken place after the commencement of an action in equity, the equitable relief prayed for cannot be granted, the court will proceed to award such money judgment as may be proper compensation for the injury done. But that is not this case, for the complaint is founded upon breaches of an agreement which took place before this action was commenced, and the action was commenced in consequent of such breaches. And quite likely the court could, in this case, have awarded a money judgment had it found that the defendants Agnes Dobbs and Bergman knew of the agreement between Hawes and Charles G. Dobbs, or that he had any interest in the premises in question, either directly, or held in trust for him by either of the other defendants. But this the court refused to do.

This case is not like those cited by appellant's counsel, where it has been held that, where the court once obtains jurisdiction, it will proceed and grant relief for the purposes of account, or otherwise, because the complaint presented a purely equitable cause of action, and, on the trial, the plaintiff utterly failed to prove his cause in equity. This being so, as well might a court of equity be compelled to try an action upon a promissory note, provided the complaint was so framed as to present a case for equitable relief, when in

reality there was none. Nor, in such a case, can it be necessary for the defendants to plead that a court of equity has no jurisdiction of the cause of action, because the complaint presents a cause for equity, and nothing else. Inasmuch as this action could not be sustained in equity, it was no error in the court below to deny the motion of the plaintiff for permission to go to a jury on issues framed. We have examined the various alleged errors of the court in the finding which it made in favor of the defendants, and the refusal to find other requests by the plaintiff, and we think that his conclusions upon the evidence offered fully justified the findings of fact made by him, and the conclusions of law to which he came. The judgment should therefore be affirmed, with costs. All concur.