## MULLER *v.* SCHUMANN *et al.*

(*Common Pleas of New York City and County, General Term.* June 6, 1892.)

**1. PLEADING—SUFFICIENCY OF COMPLAINT.**
　　A complaint which alleges that defendants agreed to pay plaintiff a certain sum if he would enter their service, and exert himself in putting them in communication with the manufacturers of certain goods, "so that" they might procure the agencies for such goods, but without alleging that, by virtue of such exertions, defendants did in fact procure the said agencies, is fatally defective; nor is the defect cured by evidence that plaintiff was merely to use his exertions, as this does not tend to proof of the contract alleged, but to proof of a contract.

**2. SAME—PLEADING AND PROOF—VARIANCE.**
　　Where plaintiff fails to prove the cause of action alleged in the complaint, but proves a different cause, and no amendment is asked or granted, the complaint, on motion properly taken, should be dismissed.

**3. APPEAL—REVIEW—IMMATERIAL QUESTION.**
　　A request in such a case to go to the jury on the question as to whether or not there was a contract between the parties is on an immaterial question, unless it is the contract alleged in the complaint, and error cannot be predicated of it.

Appeal from trial term.

Action by Gustav Muller against Hermann Schumann and others. From a judgment dismissing the complaint at the trial term. Plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER, J.

*F. J. Bischoff,* for appellant. *Straley, Hasbrouck & Schloeder, (John A. Straley,* of counsel,) for respondents.

BOOKSTAVER, J. This action was brought to recover for services alleged to have been rendered under contract with the defendants. The complaint

alleges that on or about the 5th day of January, 1890, the defendants agreed with plaintiff that if he would enter their employ, "and exert himself and use his endeavors in putting them in communication with manufacturers of merchandise in Europe, so that they might procure the sale in the United States and Canada of the goods manufactured by said European manufactories," they would pay him the sum of $5,000. This means something more than an engagement for payment of services only. "So that," as here employed, is equivalent to "with the result that," or "in such a manner that," which seems to place the meaning of the clause, beyond any controversy, to be that the exertions and endeavors were to result in the defendants procuring the sale of the goods of such European manufacturers. There is no allegation in the complaint that by virtue of his endeavors and exertions the defendants did procure the sale of the goods of these manufacturers, or otherwise. Hence the complaint is fatally defective in this respect, and this defect is not cured by the evidence. The plaintiff at first testified as follows: "Mr. Schumann told me he would give me— I got a letter from Europe to get the agencies. He said: 'I am a rich man. I will give you $5,000, and I want to put in $200,000 capital in the business; and if you get your work done, and all the agencies to the house, you know you get your $5,000, and you manage the business, and give me one third of the profits afterwards.'" But he nowhere testified, nor is there any evidence whatever to show, that he procured a single agency for the defendants. Hence, there was an utter failure to prove the cause of action alleged in the complaint. It is true that afterwards this testimony was somewhat modified in answer to a leading question put to him by his counsel, which was as follows: "*Question.* That you were to get the agencies, or try to get them? *Answer.* If I did try to get the agencies for the European houses, and if I did my best,—the best what I could,—he is willing to pay me $5,000." This testimony, if it were taken to be true, in no way tended to prove the contract alleged in the complaint, but another and an entirely different contract, not alleged therein.

And there was no request to amend the pleading to conform to the proof. In *Southwick* v. *Bank*, 84 N. Y. 420. the rule is stated to be that "where the plaintiff has failed to prove the cause of action he has alleged, and the defendant takes proper objection thereto, and an amendment of the complaint is neither asked for nor ordered, a judgment in plaintiff's favor upon another cause of action, not alleged, cannot be sustained on appeal." And in *Truesdell* v. *Sarles*, 104 N. Y. 164, 10 N. E. Rep. 139, the rule is stated to be well settled that no judgment can be given in favor of a plaintiff upon grounds not stated in his complaint, nor relief granted for matters not charged, although they may be apparent from some part of the pleadings or evidence. The principle still remains that the judgment to be rendered must be *secundum allegata et probata;* and this rule cannot be departed from without confusion, uncertainty, and mischief in the administration of justice. *Wright* v. *Delafield*, 25 N. Y. 266; *Hawes* v. *Dobbs*, (Com. Pl. N. Y.) 18 N. Y. Supp. 123. The sufficiency of the complaint was clearly raised by defendants' motion to dismiss it, both on the opening and after the taking of testimony, and yet no amendment was either asked for or granted. Under such circumstances, we think the court below properly dismissed the complaint. The general test as to the propriety of refusing to submit a point to the jury is whether their verdict on that question, if against the moving party, must be set aside as contrary to the weight of evidence. *Dwight* v. *Insurance Co.*, 103 N. Y. 359, 8 N. E. Rep. 654; *Neuendorff* v. *Insurance Co.*, 69 N, Y. 389; *Cagger* v. *Lansing*, 64 N. Y. 417. As before shown, there was no question of fact which could be properly submitted to the jury, or would warrant a verdict of any kind against the defendant, upon the pleadings as they stood.

The rquest to go to the jury was on an immaterial question, and error cannot be predicated of it. It appears by the record that the plaintiff's counsel

interrupted the judge in his ruling, and stated that he desired to go to the jury on the specific question of fact, as to whether or not there was a contract made between the plaintiff and defendants. Whether there was a contract between plaintiff and defendants is immaterial, as before shown, unless it was the contract alleged in the complaint, because no judgment could be awarded thereon unless it were alleged. Besides, there was no exception taken to the refusal. We therefore think the judgment should be affirmed, with costs.