AUGUSTUS P. DUDLEY, APPELLANT, *v.* THE CONGREGA-
TION OF THE THIRD ORDER OF ST. FRANCIS,
RESPONDENT.

*Mortgage — given by a benevolent corporation without permission of the court — no
recovery permitted upon the bond — cancellation improper where the defect is
apparent — Laws of 1848, chap. 319; Laws of 1854, chap. 50.*

In an action brought to foreclose a mortgage which, with a bond to which it was
collateral, was given by a benevolent corporation, organized under chapter 319
of the Laws of 1848, no proof was made that the corporation had obtained per-
mission, under chapter 50 of the Laws of 1854, to execute the mortgage.

*Held,* that the mortgage was void, there being, apart from such permission, no
power in such a corporation to make a mortgage.

That such an action being equitable in its nature, the plaintiff could not recover
upon the bond as in a common-law action on covenant.

That the cases holding that where a complaint is broad enough to entitle the
plaintiff to either legal or equitable relief, and where the demand for judgment
is appropriate to either, the plaintiff failing to obtain equitable relief may have
his remedy at law, were not analogous to the case at bar.

That it was erroneous for the court to order the cancellation of a mortgage which
had been executed by a corporation not having the power to make it, inasmuch
as its invalidity must appear upon any attempt being made to prove the authority
of the corporation to give it.

APPEAL by the plaintiff Augustus P. Dudley from a judgment
of the Supreme Court, entered in the office of the clerk of the city
and county of New York on the 23d day of May, 1892, declaring the
mortgage described in the complaint to be void, and dismissing the
complaint after a trial by the court at the New York Special Term.

*William H. Shepard,* for the appellant.

*Peter B. Olney,* for the respondent.

PATTERSON, J.:

This action was brought to foreclose a mortgage executed and
delivered by the defendant to the plaintiff as collateral to a bond to
secure the sum of $2,000. The defendant is a benevolent corpora-
tion organized under chapter 319 of the Laws of 1848. There was
contained in the mortgage a clause permitting the mortgagor, on
default in payment of interest as and when it became due, to elect
to consider the whole amount of the principal as due; and upon a

failure to pay an installment of interest the election was made and this suit instituted.    On the trial it was not shown that permission had been obtained by the mortgagor from the Supreme Court to make this mortgage, but it appeared that it was given without such permission, and no order had been applied for or made providing for the application of the money arising from the mortgage.    The justice presiding at the Special Term held that the mortgage was void because of the failure to procure an order of the Supreme Court, and he directed judgment that the complaint be dismissed; that the mortgage be canceled of record as a cloud on the title (that relief having been asked by the defendant in its answer); and he refused to render judgment against the defendant for the amount of the bond; the plaintiff having claimed that, although the relief prayed for, viz., the foreclosure of the mortgage, could not be granted, he was entitled, nevertheless, to recover on the bond precisely as if the action had been based upon that instrument alone.    These several rulings of the court below are now brought up for review upon the appeal from the judgment entered on the findings made upon the trial.

The learned judge was right in holding that the mortgage was void.    It was executed and delivered without any lawful authority and could not constitute a valid lien upon the mortgaged premises. The only power a charitable or benevolent corporation has to mortgage its property is derived from chapter 50 of the Laws of 1854, which conferred upon societies of that character such power, and that was done in the following words: "It shall be lawful for the Supreme Court of this State, upon the application of any benevolent, charitable, scientific or missionary society, incorporated by law, in case it shall deem it proper, to make an order for the mortgaging of any real estate belonging to said corporation, and to direct the application of the moneys arising therefrom by the said corporation to such uses as the same corporation, with the consent and approbation of the said court, shall conceive to be most for the interest of the society to which the real estate so mortgaged belongs."

It is in consequence of this enabling act, which extends the powers of corporations of this character, with respect to their real estate, that mortgages can be made; and that being so, it would necessarily follow that any attempt on the part of such a corporation, without the consent of the court, to place a lien by way of mortgage upon

its real estate would be utterly ineffectual to create a valid incumbrance. The power is one qualified by the direct terms of the statute, and its exercise is conditioned altogether upon permission to be obtained from the Supreme Court. Not only was there no authority existing previous to the passage of that act, but it was expressly interdicted to corporations of this class to exercise any powers other than those contained in chapter 319 of the Laws of 1848, which authorizes their creation, or in the general corporation act as it existed when the statute of 1848 was passed. By section 2 of the act of 1848 provision is made as to certain powers conferred thereby on corporations organized for benevolent, charitable, scientific or missionary purposes. But what is there granted is not altogether the full measure of their powers. Section 9 of that act provides that each corporation formed thereunder shall possess the general powers conferred by, and be subject to the provisions and restrictions of, the third title of the eighteenth chapter of the *third* part of the Revised Statutes. The reference to the third part of the Revised Statutes is evidently an error, which we find was cured by an act passed April 7, 1849, which makes the correction, namely : " The third title of the eighteenth chapter of the *first* part of the Revised Statutes." That title third defines the general powers, privileges and liabilities of corporations. In its first section it sets forth the general powers — the power to mortgage is not enumerated among them. By section third it is provided : " In addition to the powers enumerated in the first section of this title, and to those expressly given in its charter or in the act under which it is or shall be incorporated, no corporation shall possess or exercise any corporate powers except such as shall be necessary to the exercise of the powers so enumerated and given." Nothing contained in the act of 1848 gives the power to mortgage. The learned judge who presided at the trial was, therefore, right in holding that the mortgage to foreclose which this action was brought never had a valid existence and did not constitute a lien ; and the complaint in that regard was properly dismissed.

The refusal to allow judgment on the complaint, as in a common-law action in covenant, was also right. The suit was brought exclusively as one for the foreclosure of a mortgage. Such a suit is one in equity, and the statute provides what may be done and

what judgment may be rendered therein. An action upon the bond could not be maintained without leave of the court, while a suit to foreclose was pending. The remedy in foreclosure is distinctly against the land itself and the whole scope of the action is to enforce the lien upon the land, to subject it to the payment of the mortgage, to realize out of the sale of the mortgaged premises the amount of the lien, and provision is made for a personal judgment for deficiency against the mortgagor or whoever may be liable upon the bond. It is in its nature and essence simply a suit to realize upon the collateral security, and the only office of the allegations of the complaint in foreclosure, respecting the bond and the amount due under it, is to show that the principal debt for which the mortgage is collateral has accrued and is due and that the plaintiff is entitled to enforce his security. The language of Mr. Justice BARRETT, in the opinion of the General Term of this court in *Loeb* v. *Willis* (22 Hun, 509), is quite appropriate. There judgment of foreclosure and sale had been entered. The plaintiff procured an order vacating the judgment and allowing an amendment by the introduction of an additional party. A prior mortgage was upon the property, and before any further proceedings were taken in plaintiff's suit that prior mortgage was foreclosed, the mortgaged premises sold and only sufficient was realized to pay the first mortgage and costs. A motion was made by the plaintiff to vacate the order setting aside the judgment and for a direction that a judgment for deficiency be entered against the defendant for the full amount due on the second mortgage and the bond. That was tantamount to asking judgment in that foreclosure suit for the full amount of the bond and as in an action upon the bond, and the court said : " The defendant is doubtless still liable upon his bond. That liability may well be the full amount of such bond and interest. But in reaching that result the forms of law cannot be disregarded and the plaintiff must resort to the appropriate action to enforce that liability. In the present form of action (a foreclosure suit), he could not, for instance, join a count upon the bond and seek an independent judgment *in personam ;* nor during the pendency of the foreclosure proceedings could he even bring a separate action upon the bond, without leave of the court. It is quite clear that while his pleadings and proceedings remain unchanged he cannot,

upon a mere suggestion that his foreclosure as such has become futile, be permitted to enter what, though styled a deficiency judgment, is in reality equivalent to and, in substance, nothing more nor less than a direct judgment *in personam* upon the bond."

The contention of the plaintiff that, because he has failed to establish his equitable cause of action, he is entitled to a legal remedy, for the reason that he has set forth an indebtedness upon the bond which would be sufficient to maintain a recovery at law, has no support whatever in any of the authoritative decisions of the courts of this State. The distinction between equitable and legal causes of action, and the remedies appropriate to them, still exists. (*Graham* v. *Read*, 57 N. Y., 681; *Stevens* v. *Mayor*, 84 id., 296; *Gould* v. *Cayuga Bank*, 86 id., 83.) And no recovery can be had at law where the whole scope and purpose of the action is limited to equitable relief. (*Heywood* v. *Buffalo*, 14 N. Y., 540; *Bradley* v. *Aldrich*, 40 id., 504; *Mann* v. *Fairchild*, 2 Keyes, 111; *Peters* v. *Delaplaine*, 49 N. Y., 362.)

This rule is not affected by other cases which hold that where a complaint is broad enough in its averments to entitle the plaintiff to either equitable relief or a legal remedy, and where the demand for judgment is appropriate to an action which presents all the facts in the double aspect of a suit in equity or an action at law, failing one, relief as to the other may be granted. Such cases are: *Sternberger* v. *McGovern* (56 N. Y., 12); *Seeley* v. *New York National Exchange Bank* (8 Daly, 402; affirmed, 78 N. Y., 608); *Cogswell* v. *New York, New Haven and H. Railroad Company* (105 id., 319). In the case at bar nothing was sought but a foreclosure, and the prayer is made in the amended complaint for a sale, the bringing of the money arising from the sale into court, the payment of the amount of the bond out of the proceeds and for a judgment for deficiency, if any should exist, against the mortgagor. No judgment on the bond on the failure to establish the right to foreclose the mortgage could be allowed in such a case.

But with respect to the provisions of the decree in regard to the cancellation of the mortgage, we think the learned judge inadvertently fell into error. The defendant was asking for affirmative relief and certainly was not entitled to any more than would have

been awarded to it had a bill been filed to remove a cloud on title. In such an action, if it appears to the court that the instrument or incumbrance claimed to be a cloud is void upon its face, no relief will be granted.

The general rule is well summed up by RUGER, Ch. J., in *Moores* v. *Townshend* (102 N. Y., 393), where it is said : " When the invalidity of the disputed title appears upon the face of the convey-ance, or in any proof which the claimant is required to produce in order to maintain an action to establish it, no suit whatever can be maintained in equity to set it aside because it is said that a title obviously void does not constitute even a cloud on the title of the true owner." And the principle applies here. In order to enforce this mortgage lien, it would be necessary to show that the mortgage was authorized by the Supreme Court, it appearing upon the face of the mortgage that it was one made by a corporation having no power to deliver such instruments without the antecedent permission of the court contained in an order of the court, and which neces-sarily would be entered in the records of the court.

With the particular importance of this provision of the decree in the present action we are not concerned, but, as we conceive it to be an improper provision, it should be stricken out. With this modifi-cation the decree must be affirmed, without costs.

O'BRIEN, J., concurred.

VAN BRUNT, P. J.:

The case of *Arnold* v. *Angel* (62 N. Y., 508) also illustrates the rule stated in within opinion. I concur.

Judgment modified as directed in opinion, and as modified affirmed, without costs.