### HECHT v. BRANDUS.

(Common Pleas of New York City and County, General Term.   June 5, 1893.)

1. ACTION ON CONTRACT OF EMPLOYMENT.
     A complaint alleged that defendant contracted to employ plaintiff for five years, and reserved the right to terminate the employment at any time on payment of $2,000; that defendant discharged plaintiff before the end of five years, giving as a reason the winding up of his business, but had refused to pay the $2,000, for which plaintiff demanded judgment.  The contract contained a provision for liquidated damages to the amount of $2,000 in case of a breach by either party.  During the trial defendant objected to certain evidence, on the ground that plaintiff had "elected to stand on the complaint as declaring on the option contained in the contract, and not for damages for wrongful dismissal." *Held,* that the contention of defendant that the action was for damages for a wrongful dismissal was without force, though plaintiff had inadvertently said at the commencement of the trial that it was for "liquidated damages."

2. SAME—WAIVER.
    The fact that plaintiff did not protest against defendant's closing the business, but negotiated with him for other employment, did not constitute a waiver, since defendant had the right to terminate the employment, whether plaintiff consented or not.

Appeal from city court, general term.

Action by Myer Hecht against Edward Brandus on a contract of employment. From a judgment of the general term of the city court (21 N. Y. Supp. 1034) affirming a judgment entered on a verdict for plaintiff, rendered by direction of the court on the conclusion of a trial by a jury, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

William R. Bronk, for appellant.

Cantor, Linson & Van Schaick, (John J. Linson, of counsel,) for respondent.

BOOKSTAVER, J. The principal contention on the part of the appellant is that the court below misconceived the nature of the action, and he contends that the complaint is framed to recover for a breach of a contract, while the court allowed plaintiff to recover upon a provision of the contract, and not for a breach. It will be necessary to examine the complaint and the proceedings on the trial of the action in order to ascertain whether this contention is well founded. The complaint alleges, in substance, that on or about the 1st November, 1889, the plaintiff and the defendant entered into an agreement in writing, a copy of which was attached to and made a part of the complaint; that by the terms of the agreement the defendant reserved the right of terminating his employment of the plaintiff at any time upon the payment of the sum of $2,000, the employment being for the term of five years from the 1st November, 1889; that, pursuant to such agreement, the plaintiff entered upon the discharge of his duties as general manager of the business of the defendant, which consisted in manufacturing and dealing in fancy silverware articles and goods, until the 7th day of March, 1891, "when the defendant dismissed this plaintiff from his employ, giving as a reason the winding up of his business;" that on the 9th March, 1891, pursuant to the agreement, the plaintiff demanded of the defendant payment of the sum of $2,000, but that the same was refused, wherefore he demanded judgment for that amount. An examination of the agreement shows that the defendant had the right to terminate it at any time upon the payment of the sum of $2,000 and a share of the profits up to the time of such termination, and also that there was a provision for liquidated damages to the amount of $2,000 in the event of either party committing a breach of the agreement. On the trial, and before any testimony was taken, counsel for defendant moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action either under the contract annexed to the complaint or for a wrongful dis-

missal. But the court held, and we think properly, that there was a cause of action stated in the complaint, founded upon the contract. It is true that appellant's counsel, upon the announcement of that decision, stated as follows: "Then the proper construction of the complaint is that the plaintiff sues for liquidated damages;" to which the respondent's counsel (we think through inadvertence) replied, "That is our claim;" for an examination of the appeal book shows that the action was tried on the theory that it was to recover for the $2,000 provided for upon the defendant electing to terminate the contract. The allegation of the complaint that the defendant "dismissed this plaintiff from his employment, giving as a reason the winding up of his business," was, in effect, equivalent to an allegation that he had elected to terminate the agreement. That defendant so regarded it on the trial we think is evident from what took place at the close of the case after the evidence was in, for his counsel then moved to strike out the testimony given on the direct examination of the plaintiff as to a conversation had with defendant dismissing him from his employ, on the ground that, the plaintiff having elected to stand on the complaint as declaring on the option contained in the contract, and not for damages for wrongful dismissal, any evidence as to a dismissal is irrelevant and incompetent; and thereafter plaintiff's counsel asked the court to direct a verdict in his favor because a contract had been shown between plaintiff and defendant, which permitted the defendant to avoid the terms thereof on payment of $2,000, and that he had avoided the performance of such contract by an act which was as good as if he had really said, "I hereby terminate the contract, and refuse to employ you further." It is quite true that a recovery must be had secundum allegata et probata, (Hawes v. Dobbs, [Com. Pl. N. Y.] 18 N. Y. Supp. 123, and cases cited;) but in this case the proofs did follow the allegations of the complaint, and the complaint, as before shown, was based upon a provision of the contract, and not a breach of it, as contended for by the appellant. The action being on the contract itself, and not its breach, it is unnecessary to further consider appellant's argument based upon the breach of the contract, as that falls with his contention as to the nature of the action.

Nor do we think the plaintiff was estopped by anything he did or said from claiming the $2,000 provided for in the contract. There was no proof of a waiver by him of this clause, or of any abandonment of his rights in that respect, or of any release of the defendant therefrom, or of any rescission thereof. There is no claim of a technical release, but a waiver is sought to be made out by the plaintiff's letter of November 18th, and his subsequent action in not dissenting from the defendant's closing up the business, and also in negotiating with him for other employment. "Waiver," as defined by Bouvier, is "the relinquishment or refusal to accept a right." This plaintiff never did. The fact that he did not protest against the sale and closing up of the business cannot avail

the defendant, because, under the express terms of the contract, defendant had the right to terminate the relations between the parties at any time. Plaintiff's consent to the sale neither added to nor took away from the rights of the parties under the contract. He consented to nothing but what the defendant had full power to do under it without his consent. That he aided the defendant in every way to carry out his determination to discontinue the business is nothing more than the duty of a faithful servant under such circumstances. That the determination to close out was defendant's own act is clear from the case, for on December 1, 1890, he wrote the plaintiff:

"If you are through manufacturing at the factory, please close down, as it is useless to make me pay the pay rolls every Saturday if (I don't know) we have no orders. Personally I am positively through with the business, and will run it no longer."

And again, on December 3d:

"I don't wish to retain anybody at all at the factory except Michael, until Christmas. I want to stop all expenses, even $1.00. Therefore sell all our stock this month, with a profit, if possible; at cost, or below, if compelled. The reason why I am determined to close up the business is that this year has proven the worst of any, except first year; that I don't want to pay out one single dollar more."

There was therefore no error in the court in directing a verdict for the plaintiff, and refusing to send to the jury the question as to whether or not the contract had not been wholly or partly released or abandoned by mutual consent. There is no evidence in the case which would have justified the jury in finding that there was such waiver or abandonment, and, if they had so found, it would have been the duty of the court below to have set aside the verdict. Nor is the appellant's contention that the court erred in directing a verdict for $2,000 and interest, less the amount of defendant's admitted counterclaims, well founded. It is based upon the theory that the recovery could be for unliquidated damages only, and upon a breach of the contract; whereas, as we have before shown, it was founded upon a provision of the contract. Plaintiff was under no obligation to accept the proposition of Hastings, or to go into any other business than that designated in the contract; nor was he obliged to accept a salary of $40 per week in lieu of the compensation mentioned in the contract. He had never agreed to do so, although he had frequently expressed himself as willing to go into any other kind of business with the defendant; but, of course, that was upon the implied understanding that the terms of such new employment should be agreeable to him, and he was not called upon to accept such until offered. Before any such offer was made, defendant's liability to him for $2,000 as liquidated damages had already been fixed, and he was not bound to accept the offer. Besides, it is clear from the record in this case that the expression of a willingness to enter into other employment did not in any way influence the defendant in his determination to discontinue the business in which he then was, which had proved unprofitable from the first.

The exception to the refusal to permit the witness Hastings to state the conversation between plaintiff and defendant on March 7, 1891, with regard to the continuing of the plaintiff in defendant's employ, was no error. If it could be construed as an offer by defendant to give plaintiff different employment, it was not competent in reduction of damages, because the action was not for damages, but upon the contract. The other alleged errors in the refusal of the court to admit evidence are all upon the erroneous theory that the action was based upon a breach of the contract, and cannot avail the appellant, in our view of the nature of the action. The judgment should therefore be affirmed, with costs. All concur.