(12 Misc. Rep. 506.)

### SHIELDS v. CLEMENT.

(Superior Court of Buffalo, General Term. May 15, 1895.)

JUDGMENT—BY DEFAULT—FRAUDULENT REPRESENTATIONS.

A default judgment for fraudulent representation cannot stand, unless the intent to defraud was alleged in the complaint.

Appeal from municipal court.

Action by Thomas M. Shields against Louis B. Clement for fraudulent representations. From a judgment by default for plaintiff, defendant appeals. Reversed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

E. C. Robbins, for appellant.

William C. Fitch, for respondent.

WHITE, J. The only ground upon which a reversal of the judgment appealed from is asked is that the complaint does not allege that in the transaction between the parties the defendant intended to cheat and defraud the plaintiff. It is well settled that, in order to justify a recovery for damage alleged to have been sustained as a consequence of false and fraudulent representations, the intent to defraud must be alleged as well as proved. Steamship Co. v. Mitchell, 1 Abb. Pr. (N. S.) 396; Cullen v. Hernz, 13 N. Y. St. Rep. 333; Marsh v. Falker, 40 N. Y. 565. When, as in this case, no complaint is served with the summons, the relief granted the plaintiff by default should be limited by his allegations as well as by his proofs. Code, § 1207; Stevens v. Mayor, 84 N. Y. 296; Weatherby v. Wood, 29 How. 404; Beach v. Cooke, 28 N. Y. 508; Graham v. Read, 57 N. Y. 681; Evans v. Burton, 42 Hun, 652. The intent to defraud being an essential element in the plaintiff's case, it was necessary to allege as well as to prove it. No intent to defraud having been alleged in the complaint, the court below was not authorized to find any. Therefore, as the judgment establishes an intent to defraud, it is not warranted by the complaint, and should be set aside, and a new trial granted. All concur.