(3 App. Div. 86.)

BOWEN v. WEBSTER et al.

(Supreme Court, Appellate Division, Fourth Department. March, 1896.)

1. APPEAL—RECORD—OMISSION OF EVIDENCE—REVIEW OF FINDINGS.
    When a case on appeal does not contain the evidence, but the findings of fact only, it will be assumed that there was no evidence from which any other fact could be found; and, where the conclusions of law have been excepted to, the question to be determined is whether such conclusions are warranted by the facts found.

2. SPECIFIC PERFORMANCE—PLEADING—JUDGMENT FOR DAMAGES—WHEN PROPER.
    Where a complaint was framed solely for specific performance, and the evidence is not incorporated in the record, and there is no finding that plaintiff suffered any damage by reason of the failure to perform, a judgment for damages will be reversed.

3. EQUITABLE PLEADINGS—RIGHT TO LEGAL RELIEF.
    If plaintiff is entitled on the evidence only to legal relief, the action cannot be sustained on a complaint which is framed solely for equitable relief.

4. FINDINGS OF FACT—NECESSITY TO SUPPORT CONCLUSIONS OF LAW.
    Though Code Civ. Proc. § 1022, requiring the court to state separately its findings of fact and conclusions of law, was amended in 1895 so as to authorize the court to file a decision stating the grounds on which the issues have been decided, yet, if the court state his findings of fact and conclusions of law separately, the rule which existed prior to said amendment, requiring the findings of fact to support the conclusions of law, will be applied.

Appeal from special term.

Action for specific performance by Charles H. Bowen against Ellen M. Webster and another, individually and as executors of the last will and testament of Elijah D. Webster, deceased, and Emma S. Nichols and others, devisees, next of kin, and heirs at law of the said Elijah D. Webster, deceased. From a judgment in favor of plaintiff entered upon decision of the court, defendants appeal. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Hill & Hill, for appellants.
William E. Edmunds, for respondent.

GREEN, J. The complaint alleges the making of the contract, full performance by plaintiff, and a breach thereof by defendants. But there is no allegation in the complaint that plaintiff has suffered any damage from such breach, and no allegation of facts from which any damage may be inferred. The prayer for judgment is as follows:

"Wherefore the plaintiff prays judgment directing that the said defendants accept said deed according to the terms of said written agreement, and pay plaintiff the said sum of $250 remaining to be paid in money thereon at the time of the delivery of said deed, and make, execute, acknowledge, and deliver to plaintiff a mortgage on said land to secure the payment of the balance to become due thereon in one year thereafter, viz. the sum of $650, as in said written agreement provided, and that the court grant such other and further relief as may be proper, with the costs of this action."

The answers of defendants deny generally the truth of the allegations of the complaint. The action was tried before the court without a jury. The findings of fact are, in effect, that the contract was made; that plaintiff has fully performed, and that defendants have failed to perform; that the executors have sufficient means to pay any judgment rendered. But there is no finding that plaintiff has suffered any damage from such failure to perform the contract, nor is there any finding made from which damage for such breach may be inferred. The findings of fact are 10 in number, and the facts found by the learned justice before whom the cause was tried are stated separately. There is but one conclusion of law, which is as follows: "That the plaintiff is entitled to recover judgment against the defendants for damages of $150, besides costs, for breach of contract." No evidence is presented by the record, and this appeal must be considered upon the judgment roll alone. And the only question for consideration is whether the findings of fact sustain the conclusion of law. Corner v. Mackey, 73 Hun, 236, 25 N. Y. Supp. 1023. On appeal of that case to the court of appeals, Andrews, C. J., says, "The evidence is not in the record, and the only questions which can be considered arise upon exceptions to the conclusions of law of the referee, following his findings of fact" (147 N. Y. 574, 42 N. E. 29); citing in support thereof Rochester Lantern Co. v. Stiles & Parker Press Co., 135 N. Y. 209, 31 N. E. 1018. The true rule, where the case does not contain any of the evidence, but the findings of fact only, is to assume that there was no evidence from which any other fact could be found; and, where the conclusions of law have been excepted to, the question to be determined is whether such conclusions are warranted by the facts found. Stoddard v. Whiting, 46 N. Y. 627. The defendants duly excepted to the conclusion of law upon the ground that it was not sustained by the findings of fact. The complaint characterizes this action as purely equitable. Plaintiff seeks only the specific performance of a land contract. He alleges no damages against the defendants or the original contractor, and in his prayer for judgment no damages are demanded. The defendants, from this complaint, had a right to assume that no damages would or could be, in this action, decreed against them. The defendants claimed that this contract could not be enforced against them in the manner demanded by the complaint. Upon that theory alone they prepared to meet the claim of the plaintiff. They were not apprised by the complaint that the plaintiff claimed to recover damages against them for nonperformance of the contract. If it had been brought in that form, and if plaintiff had been entitled to enforce his claim, and had so endeavored to enforce it, a case for dual relief would have been presented. The plaintiff, however, brought his action in equity, and his complaint was framed solely for specific performance. He must abide by his election. And it was incumbent upon the plaintiff, under such a complaint, to establish the allegations therein contained. And if, upon the evidence, he was entitled only to legal relief, the action cannot be sustained upon the complaint,

which is solely for equitable relief. The names of actions no longer exist, but we retain, in fact, the action at law and the suit in equity. In every case the judgment sought must be warranted by the facts stated. The plaintiff must therefore establish his allegations, and, if they warrant legal relief only, he cannot have equitable relief upon the evidence. He must bring his case within the allegations, as well as within the proofs. Stevens v. Mayor, etc., 84 N. Y. 296. The clear distinction between equitable and legal causes of action, and the remedies appropriate to them, still exists, and a recovery must be had secundum allegata et probata. Phelps v. Mayor, etc. (Sup.) 11 N. Y. Supp. 657. There is no allegation in the complaint, and no finding of fact, that will support the conclusion of law upon which this judgment under review is founded. I am of the opinion that, under the rule established by the cases supra, this judgment must be reversed.

There is also another reason for the reversal of this judgment. Previous to the year 1895 it was provided by the Code of Civil Procedure (section 1022) that the decision of the court upon the trial of the whole issues of fact must state separately the facts found, and the conclusions of law, and it must direct the judgment to be entered thereupon. In considering questions raised under this section of the Code previous to its amendment, the courts have uniformly held that the findings of fact must be sufficient to support the conclusion of law, and that, if there was a failure in this, the judgment should be reversed upon that ground. The legislature in 1895 amended that portion of section 1022 so that it is now provided thereby that the decision of the court upon the trial of the whole issues of fact may state separately the facts found, and the conclusions of law, or the court, in deciding the issues, may file a decision stating concisely the grounds upon which such issues have been decided, and direct a judgment to be entered thereon. In the case under review the learned justice elected to make his findings of fact and conclusions of law in accordance with the statute as it stood previous to the amendment of 1895. In his decision he stated separately the facts found, and the conclusions of law. We must therefore consider this appeal in the light of the cases which have been decided under that provision of the Code of Civil Procedure as it existed previous to the amendment of 1895. It is thus brought within the rule prescribed by the courts in many cases, in considering that provision of the statute. Judging this case by the standard thus established, it is very apparent that the conclusion of law found by the learned justice is not supported by his findings of fact.

The appellants insist that if we arrive at this conclusion the complaint should be dismissed, because, as they claim, in case of defendants' liability in this action the executors, and not the heirs or devisees, are the proper parties defendant, and cite Chamberlain v. Dunlop, 126 N. Y. 52, 26 N. E. 966. It was there held that where a defendant has entered into a contract to purchase real estate, and dies before it is conveyed to him, and before he has paid for it, his heir or devisee is entitled to have his executor pay for the realty

out of the personal estate. It is true that one of the findings of fact in this case is to the effect that the executors of Webster have sufficient means, beyond the debts owing by their testator at his decease, and that they have the authority, to perform all the covenants in the written agreement. There is nothing in the record to show that this contention was made before the court when the case was on trial. While there may be much force in this contention of appellants, I am of the opinion that the case should be sent back for a new trial, where this and other questions may be raised, if the appellants so desire, and passed upon by the court, which may decide to extend relief to the plaintiff, by way of amendment of the pleadings or otherwise, and thus do equity to the parties litigant. The record before this court is meager, and I do not deem it right at this time, and upon such a record, to proceed further than to order the case back for a new trial, where the equities and rights of all the parties may be presented, and properly considered and disposed of. The judgment should be reversed, and a new trial ordered, with costs to abide the event of the action. All concur.

Judgment reversed, and new trial ordered, with costs to abide the event.