HATHAWAY v. CLENDENING CO.

(Supreme Court, Appellate Division, First Department. December 10, 1909.)

1. MASTER AND SERVANT (§ 81*)—ACCOUNTING—NECESSITY OF FIDUCIARY RELATION.

An agreement to pay another a certain percentage of the net proceeds of the business, in addition to a fixed salary, was a mere contract of hiring, and did not constitute a partnership, or any other fiduciary relation, so that the employé was not entitled to an equitable accounting to determine how much of the proceeds he was entitled to; his remedy being an action at law.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 81.*]

2. PARTNERSHIP (§ 128*)—RIGHTS OF PARTIES—MUTUAL AGENCY.

Each partner is the agent of the other within the scope of the partnership business.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 190, 193; Dec. Dig. § 128.*]

3. JOINT ADVENTURES (§ 5*)—FIDUCIARY RELATIONS.

A joint venture is analogous to the partnership relation, so that an equitable action for an accounting will lie between the parties thereto because of the fiduciary relation.

[Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. § 7; Dec. Dig. § 5.*]

Appeal from Trial Term, New York County.

Action by Ewen Hathaway against the Clendening Company. From an interlocutory judgment for an accounting, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

John H. Corwin, for appellant.
John P. Everett, for respondent.

HOUGHTON, J. The plaintiff alleges that the defendant employed him as general manager of a hotel apartment house, and agreed

to pay him for his services a fixed salary of $1,200, per year, and in addition thereto a sum equal to 10 per cent. of the net profits, and that such net profits amounted to $16,000, and that the defendant neglected and refused to account to the plaintiff therefor, or to pay him his percentage thereof; and judgment is demanded that the defendant account for such profits, and pay him such sum as might be due him thereon. The defendant pleaded that the plaintiff had an adequate remedy at law, and notwithstanding such plea, and against the objection of the defendant, the learned Trial Term granted an interlocutory judgment directing the defendant to account for the profits of the hotel during the period of the plaintiff's employment, and appointed a referee to take and state such account. The defendant appeals from such judgment, on the ground that an equitable action does not lie for an accounting, where compensation for services is agreed to be made through sharing in the net profits of a business, because no partnership exists, and no trust or fiduciary relation is created by such a contract.

We think the defendant is correct in its contention, and that the judgment must be reversed. An agreement, made by an employer, that his servant shall share in the profits of his business as entire or partial compensation for his services, does not make the servant a partner of his employer. Richardson v. Hughitt, 76 N. Y. 55, 32 Am. Rep. 267; Merchants' National Bank v. Barnes, 32 App. Div. 92, 52 N. Y. Supp. 786. Such a contract is one of mere hiring, and providing for compensation in a particular manner, supposedly tending to induce greater energy and faithfulness on the part of the employé; but no trust or fiduciary relation is created. Where a partnership exists, each partner is the agent of the other; and where persons are engaged in a joint venture, such an enterprise partakes of the relation of partnership, and equitable actions for an accounting are proper because of the fiduciary relation existing. It is well settled that an equitable action for an accounting does not lie unless some trust or fiduciary relation exists between the parties. Moore v. Coyne, 113 App. Div. 52, 98 N. Y. Supp. 892; Yuengling v. Betz, 120 App. Div. 709, 105 N. Y. Supp. 815; Harle v. Brennig, 131 App. Div. 742, 116 N. Y. Supp. 51. Where compensation depends upon the amount of profits, an accounting, of course, is necessary to ascertain what the profits have been; but such an accounting can be had in an action at law. Smith v. Bodine, 74 N. Y. 30.

In Parks v. Gates, 54 App. Div. 534, 66 N. Y. Supp. 1034, and Boice v. Jones, 106 App. Div. 547, 94 N. Y. Supp. 896, upon which respondent relies, there was a joint venture, which partook of a partnership to such an extent that an equitable action for an accounting was held proper. In Parker v. Pullman & Co., 36 App. Div. 208, 56 N. Y. Supp. 734, the question arose upon demurrer to the complaint, and, while the demurrer may have been properly overruled, the reasoning which led to such conclusion was not a part of the decision itself.

The plaintiff can obtain all the relief to which he is entitled, and such accounting as is necessary to determine what his share of the profits, if any, may be, in an action at law. His action in equity was

not well brought, and the interlocutory judgment must be reversed, with costs, and a new trial granted, with costs to the appellant to abide the event. All concur.