Chables A. Loreto, J.
The plaintiff, as the owner of a certain patent for a process for the recovery of precious metals from photographic baths, has instituted this suit for an accounting of royalties claimed to be due to him from the defendants. The defendants Dauber have answered the complaint in person and have appeared on the trial in person. The defendant Levy has answered and appeared by attorney.
The defendant Levy has interposed, among other defenses, the defense that the plaintiff is not entitled to equitable relief. The determination of this question in favor of the defendants would render it unnecessary to consider any other questions or issues raised.
The plaintiff urges that an action for an accounting is proper, claiming the existence of a joint venture between the parties. He asserts that by reason of written agreements entered into between himself and the defendants Dauber, a community of interest in and a common purpose with respect to the business of silver recovery was established. He also asserts that the parties have a joint proprietary interest in such business, the plaintiff owning the process for the recovery of silver and the defendants owning the apparatus employed in the process. In addition, he claims that the parties also agreed to share the profits derived from the business. Citing the case of Mariani v. Summers (3 Misc 2d 534, affd. 269 App. Div. 840), the plaintiff argues that this action for an accounting is proper. However, the evidence does not support these assertions upon which he premises this conclusion.
The evidence indicates that two agreements in writing, both dated March 1, 1952, were entered into between the plaintiff and separately with each of the defendants Dauber, which for the purposes of this suit may be considered to be identical. Under these agreements the plaintiff, as licensor, granted to these defendants a nonexclusive license to make, use and sell apparatus and processes for the recovery of precious metals from photographic baths, as disclosed by the licensor and set forth in the licensor’s patent application. The pertinent provisions of the agreements provide for the payment by the licensees on a monthly basis of a royalty fee under a sliding scale based upon the amount of silver recovered, the rendering of reports showing the amount of silver and the price received from different accounts and the authorization of the licensor *976 to obtain from refiners information regarding such transactions. The agreements also stipulate that the licensor agrees to instruct and advise the licensees with respect to the construction and operation of the process. No fixed term of duration of the agreements is mentioned, although the licensor is given the right to cancel them for certain specified causes.
The defendant Levy has been made a party to this action because a certificate of copartnership was filed on March 1,1955, in the County Clerk’s office indicating a copartnership with the defendant Selma Dauber, operated under the trade name of Dauber Silver Co.
Although the defendants Dauber assert that the plaintiff has been fully paid for any sums of money due to him by reason of their use of his process, the plaintiff has testified that the defendants have failed and refused to give him a proper accounting and to make payments of royalties due to him under the agreements. Specifically, the plaintiff has been able to show by a letter obtained from one of the refiners that substantial monthly payments were received by the defendants for silver recovered from December, 1954, through September, 1956. Of this account alone the plaintiff has testified that the sum of $1,830 is due him.
Approaching the question raised by the defendant Levy, which would apply to the benefit of the defendants Dauber, it appears that a nonexclusive license for the use of a patent process in exchange for royalties is involved in this case. No investment on the part of the plaintiff licensor in the operation of the business of extracting silver from photographic baths is shown, nor any assumption by the plaintiff of any of the expenses or losses is indicated. Neither do the agreements or evidence show that the plaintiff had any proprietary interest in the recovered silver or the moneys received on the sale of the recovered silver. The only right of the plaintiff is to a royalty fee based upon the value of the silver recovered by the defendants using his patent. These facts do not spell out a joint venture. The case of Mariani v. Summers (3 Misc 2d 534, supra) cited by plaintiff is not in point, for there the parties undertook to develop the perfection of a mechanical device and it was held that they stood in a mutual and confidential relation to each other and had a joint interest in the result of the venture.
Under the facts of this ease, there exists neither a joint venture nor a fiduciary relationship, but one of debtor and creditor. In Moore v. Coyne (113 App. Div. 52), a patent owner issued a license to a partnership which in turn transferred its *977 rights to a corporation. It was held that a cause of action for equitable accounting would not lie, since there was no fiduciary relationship with the partnership, and certainly none with the corporation. This rule rests on the policy that the manufacturer having made the investment is the sole owner of the finished product and should not be required to account to one who has no proprietary interest therein. His obligation to the inventor of the process he uses is based merely on a promise to pay a specified amount. His duty lies in debt, not in trust. His relationship with his licensor falls short of a fiduciary one.
“ Transactions between parties, which will warrant one in holding the other accountable for his acts, must possess the elements of agency and of a trust reposed, with respect to moneys or other property received. The defendant, in such an action, must appear to have been intrusted with property of the plaintiff and, in consequence, to have become bound to reveal his dealings with it.” (Schantz v. Oakman, 163 N. Y. 148, 156.)
It is clear that this case is one wherein the plaintiff’s only right is for compensation measured by the income received by the defendants from the use of plaintiff’s patented process. His remedy is by action at law and not by a suit in equity for an accounting. This is so even though it may become necessary to take an account to determine the amount which the plaintiff is entitled to recover (Freeman v. Miller, 157 App. Div. 715).
The question occurs to the court, although not raised by the parties, whether this action should be retained as one at law under its broad and plenary powers and jurisdiction, although the complaint is framed in equity and the suit has been commenced on the equity side of the court. Section 479 of the Civil Practice Act permits relief to be granted ‘‘ consistent with the case made by the complaint and embraced within the issues ”. Since the evidence indicating that the plaintiff is entitled to relief at law has been elicited in considering whether he is entitled to an accounting in equity, it has been held that under these circumstances the complaint must be dismissed (Freeman v. Miller, supra; Wheelock v. Lee, 74 N. Y. 495).
It cannot be said this rule is arbitrary. The preparation of a defense in a legal action differs greatly from one in equity. Also, should the court grant a judgment at law, the defense would be denied its right to a jury trial, which it might have had in an action at law.
Nor can the principle that equity, once it has obtained jurisdiction, may adapt its relief to the exigencies of the case, be applied here. That rule applies only where the general basis of fact upon which the equitable relief is sought is made out, *978 but for some reason it is impracticable to grant equitable relief (Nelson v. Schrank, 273 App. Div. 72).
Under the circumstances, the complaint is dismissed, without costs and without prejudice to the institution of an action at law.
This decision is filed pursuant to section 440 of the Civil Practice Act.