James H. Boomer, J.
Plaintiff, a holder of a life insurance policy issued by the defendant, a mutual life insurance company, demands in his complaint a judgment declaring that he has the *247 right to an accounting of all dividends payable to him under the terms of the policy.
The company has already furnished plaintiff a statement of the dollar amount of dividends credited to him for each year his policies have been in force. He now seeks a detailed account setting forth the method of calculation of the total amount of dividends declared by the company for each year as well as the method of apportionment of the total amount to each class of policyholder.
Neither the statutes regulating mutual life insurance companies nor the terms of plaintiff’s policies require the company to furnish such an accounting. Subdivision 1 of section 57 of the Insurance Law provides that the board of directors of a mutual insurance company may “ from time to time declare a dividend from the surplus of such company * * *. In declaring and paying any such dividend the board of directors may make reasonable classifications of policies, and shall declare and pay such dividend in such manner as shall be fair and equitable to the policyholders.” Subdivision 1 of section 216 of that law provides that “ every domestic life insurance company shall ascertain and distribute annually, and not otherwise, the proportion of any surplus accruing, upon any participating insurance policy ”. And the company shall “ apportion ” such surplus ‘ ‘ equitably to all policies or contracts entitled to share therein ”. As required by section 155 (subd. 1, par. [e]) of the Insurance Law plaintiff’s policies contain a provision that the insurer “ shall annually ascertain and apportion any divisible surplus accruing on the policy.” None of these sections or provisions requires that a detailed accounting be furnished the insured.
Nor is there any authority at common law for an accounting in cases of this nature (see 1 N. Y. Jur., Accounts and Accounting, §§ 19, 20). An action for an accounting will not lie in the absence of a fiduciary or trust relationship (Sugarman v. Weisz, 34 A D 2d 763, affd. 28 N Y 2d 786, citing Bradkin v. Leverton, 26 N Y 2d 192,199, n. 4; Kaminsky v. Kahn, 20 N Y 2d 573, 582; and Matter of Steinbeck v. Gerosa, 4 N Y 2d 302, 317-318; see, also, Fur & Wool Trading Co. Ltd. v. Fox, Inc., 245 N. Y. 215).
“ The mere necessity of an accounting in order for plaintiff to ascertain the amount due on a contract with the defendant is insufficient to justify an equitable action of accounting.” (1 N. Y. Jur., Accounts and Accounting, § 20, citing Willier v. Dauber, 12 Misc 2d 974; Clemens v. Cooper Co., 136 N. Y. S. 93; *248 and Williams v. New York Life Ins. Co., 11 Misc 2d 823; see, also, Long Bldg. v. Buffalo Anthracite Coal Co., 190 Misc. 97.)
“ The mere fact that the plaintiff and defendant stood in the relationship of debtor and creditor is not sufficient for an action for accounting in the absence of a fiduciary or trustee relationship.” (1 N. Y. Jur., Accounts and Accounting, § 20 [1974 Cum. Supp., p. 35], citing Waller v. First Bank & Trust Co. of Utica, 12 Misc 2d 497.)
In Uhlman v. New York Life Ins. Co. (109 N. Y. 421, 428), it was specifically held that the relationship between a mutual insurance company and a policyholder is not fiduciary, but one of contract measured by the terms of the policy. The court held that (p. 431) “ The situation of the parties is that of debtor and creditor simply ” and in the absence of any proof of misappropriation or wrongdoing a policyholder has no right to an accounting (p. 432).
The fact that the defendant need not render an account to its policyholders does not mean that the'defendant may keep its method of declaring and apportioning dividends a secret (as plaintiff contends the defendant is trying to do). The State Insurance Department regulates mutual insurance companies and it may require them to answer any inquiry in relation to their transactions (Insurance Law, § 27) and it may make examinations into their affairs (Insurance Law, § 28).
Additionally, a policyholder in a mutual company is a member of the corporation (Insurance Law, § 57, subd. 1) and has the common-law right of any member of a corporation to an inspection of the books and condition of the company if sought at proper times and for proper uses (Matter of Steinway, 159 N. Y. 250, 262-263). This right may be enforced in a proceeding under article 78 of the CPLB in the nature of mandamus (12 N. Y. Jur., Corporations, §§ 847, 848).
Furthermore, if the plaintiff feels he has additional dividends due him, he may maintain an action at law for the additional amount “ alleging on information and belief an arbitrary sum or he could thereafter ascertain the true amount by an examination of [the defendant] before trial,” (1N. Y. Jur., Accounts and Accounting, § 20, citing Cooper v. Henkind, 56 N. Y. S. 2d 846.)
The complaint is dismissed.